STATE of Iowa, Appellee,

v.

Manvel Craig McGUIRE, Appellant.

No. 54810.

Supreme Court of Iowa.

Sept. 19, 1972.

J. Jane Fox, Iowa City, for appellant.

Richard C. Turner, Atty. Gen., Richard N. Winders, Asst. Atty. Gen., and Ray Fenton, County Atty., for appellee.

LeGRAND, Justice.

Defendant was charged with simulating intoxication in violation of section 123.42, The Code. Trial to the court resulted in a finding of guilt. Defendant appeals and we reverse.

Section 123.42 is here set out in full:

"It is hereby made unlawful for any person to use or consume any alcoholic liquors upon the public streets or highways, or in any public place, except premises covered by a liquor control license, and no person shall be intoxicated

*nor simulate intoxication in a public place*; and any person violating any provisions of this section shall be fined not to exceed one hundred dollars or sentenced not to exceed thirty days in the county jail." (Emphasis added.)

This rather unique provision—which the State and defendant agree has been found in the statutes of no other state—has been part of the quoted section since 1935. It has apparently never been the subject of consideration by this court in the intervening 37 years.

Defendant assigns three errors for reversal. They are: (1) The statute is unconstitutional because it is too vague to meet the due process standards of Amendment 5 and Amendment 14 to the Constitution of the United States; (2) the trial court erred in restricting the cross examination of the arresting officer; and (3) there is no evidence to support the finding defendant was guilty of the offense charged.

We consider the third assignment first, as we believe it disposes of the case. We agree with defendant's claim that there is no evidence to support his conviction, and our reversal is on that ground.

Simulate means "to pretend, to feign, to act like, to imitate, or to look like;" or, according to another definition "to assume or have the appearance or characteristics of * * *; to make a pretense of; feign." World Book Encyclopedia Dictionary; Random House Dictionary of the English Language (1966 Edition); and Webster's Third New International Dictionary (1961).

Black's Law Dictionary, Revised Fourth Ed., 1968, attributes this meaning to the word:

"To assume the mere appearance of, without the reality; to assume the signs or indications of, falsely; to counterfeit; feign; imitate; pretend."

■ ■ The result in this case depends upon our interpretation of Code section 123.42, particularly the emphasized portion as set out above. In statutory construction we try to avoid conclusions which lead to absurd results. Janson v. Fulton, 162 N.W.2d 438, 442 (Iowa 1968); Graham v. Worthington, 259 Iowa 845, 854, 146 N.W.2d 626, 633 (1966). We also give the language used its usual and ordinary meaning in arriving at legislative intent unless it is clear a different meaning was intended. Smith v. City of Fort Dodge, 160 N.W.2d 492, 497 (Iowa 1968).

■ Applying these rules to the statute now before us, we believe it is clear the legislature, when using the word "simulate" in section 123.42, intended to make it illegal to pretend or to feign intoxication. In the context used the language necessarily involves the *intentional* commission of the prohibited act.

■ The interpretation for which the State implicitly argues—that one may be criminally responsible even though his simulation resulted from illness, physical peculiarity, or other natural cause—leads not only to those absurd results we are obliged to avoid in our consideration of statutory enactments but also raises serious constitutional questions we can put aside under the conclusion reached. When two constructions are possible, we adopt the one "which does not lead to consequences which would serve to make an Act unconstitutional." Graham v. Worthington, supra, 259 Iowa at page 855, 146 N.W.2d at page 633.

■ Under the meaning we have attributed to this statute, there is no evidence to justify a finding of guilt. The record is short. The State's only witness was Jerry Viers, the arresting officer. He stated he was called to assist Officer Carlson (who did not testify) in checking out a complaint at a laundromat near 48th and University in the City of Des Moines. In responding to this call, Officer Viers ob-

served and subsequently questioned defendant. There is no evidence defendant was in any way involved in the events the officers were investigating.

The total evidence upon which this conviction rests is the officer's testimony that defendant was walking very slowly; his movements were slow and deliberate; he stumbled once; his speech was not easy to understand and was somewhat slurred; his eyes were at a fixed focus and his pupils were quite small. The witness was unable to state if the characteristics displayed at the time of the arrest were normal or abnormal as they related to this defendant.

■ We are, of course, obliged to consider the evidence in its light most favorable to the State when deciding if the evidence sustains the verdict. State v. Gilroy, Iowa, 199 N.W.2d 63, filed June 26, 1972; State v. Schatterman, 171 N.W.2d 890, 892 (Iowa 1969). Having done so, we find it is totally insufficient in the present case to justify the finding of guilt.

■ We are unwilling to say one who looks and acts as the witness described defendant—without more—is guilty of violating the statute in question. We hold the State must establish the intentional or voluntary nature of the acts relied on as one of the elements of the offense. Cf. State v. Lynch, 197 N.W.2d 186, 190 (Iowa 1972).

We add, perhaps unnecessarily, that the rule we have long recognized and which was most recently applied in State v. Nelson, 178 N.W.2d 434, 438 (Iowa 1970) does not fit the circumstances here. In State v. Nelson we reiterated the principle that intent is not always necessary to make commission of an act a crime. Whether it is in a particular case must be determined from the language used and the purpose to be served. We hold such a showing is necessary under this statute.

Our conclusion that defendant's conviction is without evidentiary support and must therefore be reversed makes it unnecessary to consider the other assignments of error.

Reversed.

All Justices concur.