IOWA NATIONAL MUTUAL INSUR-
ANCE COMPANY and Dale Sharp
and Marilyn Sharp, Appellants,

v.

Craig MITCHELL, Appellee.

No. 64427.

Supreme Court of Iowa.

May 13, 1981.

Rehearing Denied June 10, 1981.

James D. Lohman of Reimer, Vipond &
Lohman, Denison, for appellants.

Thomas R. Eller of Nash, Eller, Brink &
Claussen, Denison, for appellee.

REYNOLDSON, Chief Justice.

This appeal requires us to decide whether a party to a small claims proceeding has a constitutional right to a jury trial under article I, section 9, of the Iowa Constitution.

Following a vehicular collision, plaintiffs Sharp and their collision insurance carrier sued defendant Mitchell for $500 for damages to the Sharp auto. Mitchell counterclaimed and unsuccessfully demanded a jury. A judicial magistrate, after trial, rendered judgment for $500 against Mitchell.

Mitchell appealed the small claims judgment, asserting he was entitled to a jury trial under section 631.11(1), The Code 1979, and if the statute could not be so construed it was unconstitutional under article I, section 9, of the Iowa Constitution. The district judge ruled section 631.11 did not permit a jury trial, and found such a denial was unconstitutional as alleged. The judgment rendered by the magistrate was reversed and the case was remanded for jury trial.

Plaintiffs petitioned for discretionary review of the portion of the district judge's ruling that held section 631.11 is unconstitutional insofar as it proscribes the alleged right to a jury trial. Defendant petitioned for discretionary review of the portion of the ruling that held section 631.11 could not be construed to permit jury trials. We granted review on both petitions. The issues have been well briefed and presented in this court.

I. *Is a jury trial in small claims actions permitted by section 631.11, The Code?*

■ Our Small Claims Act, chapter 631, The Code, was developed as part of the legislation that established a unified trial court in Iowa. 1972 Session, 64th G.A., ch. 1124, § 60 et seq. We described its salient features in *Barnes Beauty College v. McCoy*, 279 N.W.2d 258, 259–60 (Iowa 1979). There is no separate small claims court, but there is a small claims docket in district court. *Wilson v. Iowa District Court*, 297 N.W.2d 223, 225–26 (Iowa 1980).

"Small claims" are limited to a "civil action for a money judgment where the amount in controversy is one thousand dollars or less, exclusive of interest and costs," and "an action for forcible entry and detainer which is based on those grounds set forth in section 648.1, subsections 1, 2, 3 and 5." § 631.1, The Code. Jurisdiction over these controversies is exercised by "[t]he district court sitting in small claims," *id.* § 631.2, although the limited jurisdiction over forcible entry and detainer cases apparently is a concurrent jurisdiction, *id.* § 631.1(2).

The statute that requires our special scrutiny is section 631.11(1):

> *Informality.* The hearing shall be *to the court*, shall be simple and informal, and shall be conducted by the court itself, without regard to technicalities of procedure.

(Emphasis supplied.) We must determine the legislative intent, applying the criteria we recently collected in *Loras College v. Iowa Civil Rights Commission*, 285 N.W.2d 143, 147–48 (Iowa 1979).

If the legislature intended "court" to mean magistrate or judge, then use of the word "shall," a term mandatory in nature, clearly eliminates any necessity or even option of trial by jury. *See* § 4.1(36)(a), The Code ("The word 'shall' imposes a duty."); *Black's Law Dictionary* 1233 (5th ed. 1979).

It is true, as defendant argues, that the word "court" may be used to mean a judge only or, alternatively, the tribunal itself, including the judge and jury. *Compare* § 609.35, The Code (recall of jurors if warranted by "business before the court"), *with* Iowa R.Crim.P. 16 ("Trial by jury or court"). Defendant invokes our rule that if more than one construction is possible, one of which will render the statute constitutional and another that will render it unconstitutional or of doubtful constitutionality, the construction by which it will be upheld will be followed and adopted. *Iowa City v. Nolan*, 239 N.W.2d 102, 103 (Iowa 1976); *see Stoller Fisheries, Inc. v. American Title Insurance Co.*, 258 N.W.2d 336, 346 (Iowa 1977).

■ We think it is plain, however, that in section 631.11(1) the legislature intended to confine "court" to mean a magistrate or judge. Such interpretation is more consistent with the concept of a "simple and informal" proceeding. This interpretation is reinforced by the provision that the hearing is to be conducted by "the court itself," an obvious step to enhance the role of the magistrate or judge and to diminish the role of lawyers. We are convinced the legislature would not use "court" to mean magistrate (or judge) and jury in the first provision in this subsection, and employ the same word a second time in the same sentence to mean the magistrate or judge alone.

Other chapter 631 provisions support our conclusion that "court" as employed in section 631.11(1) refers only to the magistrate or judge. The first sentence in the next subsection makes it clear that "court" does not include the jury: "The court shall swear the parties and their witnesses, and examine them in such a way as to bring out the truth." § 631.11(2), The Code. Under section 631.8(2), "the court" makes certain procedural orders when confronted with a small claim combined with one that is not a small claim. More directly, section 631.2 provides that except when transferred pursuant to section 631.8 from the small claims docket, "small claims may be tried by a judicial magistrate, a district associate judge, or a district judge." Finally, chapter 631 is devoid of references to a jury, including jury demand or jury instructions.

We hold the district judge correctly ruled that chapter 631 small claims must be tried without a jury. Thus we address the constitutionality of section 631.11(1).

II. *Does section 631.11(1), which denies a jury trial in small claims proceedings, violate article I, section 9, of the Iowa Constitution?*

■ This provision of Iowa's Bill of Rights provides:

The right of trial by jury shall remain inviolate; but the General Assembly may authorize trial by a jury of a less number than twelve men in inferior courts; but no person shall be deprived of life, liberty, or property, without due process of law.

The comparable clause in the United States Constitution is found in the seventh amendment:

In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law.

Because there is a nexus between interpretations of Iowa's jury provision and the federal provision,[1] we first examine interpretations of the seventh amendment, even though its provisions have no application to state court proceedings. *Walker v. Sauvinet*, 92 U.S. 90, 92, 23 L.Ed. 678, 679 (1876); *Melancon v. McKeithen*, 345 F.Supp. 1025, 1027 (E.D.La.), *aff'd sub. nom. Mayes v. Ellis*, 409 U.S. 943, 93 S.Ct. 289, 34 L.Ed.2d 214, *aff'd sub. nom. Hill v. McKeithen*, 409 U.S. 943, 93 S.Ct. 290, 34 L.Ed.2d 214 (1972), *aff'd sub. nom. Davis v. Edwards*, 409 U.S. 1098, 93 S.Ct. 908, 34 L.Ed.2d 679 (1973); *Hunter v. Colfax Consolidated Coal Co.*, 175 Iowa 245, 327, 154 N.W. 1037, 1067 (1915).

The "historical test" to determine whether a jury constitutionally is required in a civil case has been summarized by Wolfram, *The Constitutional History of the Seventh Amendment*, 57 Minn.L.Rev. 639, 639–40 (1973):

For at least the past century and a half, judicial and academic writings on the right to jury trial afforded by the seventh amendment have uniformly agreed on one central proposition: in determining whether the seventh amendment requires that a jury be called to decide the case the court must be guided by the practice of English courts in 1791.

---

1. Our analysis is confined to jury trials in civil cases. The right to jury trial in criminal cases is provided in the sixth amendment to the United ed States Constitution and by article I, section 10, of the Iowa Constitution.

If a jury would have been impaneled in this kind of case in 1791 English practice, then generally a jury is required by the seventh amendment. If the case is one of those in which a jury would not have sat—in England in 1791—then none is required by the seventh amendment.

The above test traces to a circuit court opinion by Justice Story, *United States v. Wonson*, 28 F.Cas. 745, 750 (C.C.D.Mass. 1812), in which he wrote:

> Beyond all question, the common law here alluded to [in the seventh amendment] is not the common law of any individual state, (for it probably differs in all), but it is the common law of England, the grand reservoir of all our jurisprudence.

Thus under the federal provision "[t]he right of trial by jury ... preserved is the right which existed under the English common law when the Amendment was adopted." *Baltimore & Carolina Line v. Redman*, 295 U.S. 654, 657, 55 S.Ct. 890, 891, 79 L.Ed. 1636, 1638 (1935); *see Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 333, 99 S.Ct. 645, 652, 58 L.Ed.2d 552, 563 (1979); *Curtis v. Loether*, 415 U.S. 189, 193, 94 S.Ct. 1005, 1007, 39 L.Ed.2d 260, 265 (1974). Of course jury trials were not confined thereafter to common-law actions, but were extended to cases grounded on statutory and constitutional rights and remedies of the sort typically enforced in an action at law. *Curtis*, 415 U.S. at 195, 94 S.Ct. at 1009, 39 L.Ed.2d at 267. Thus one historical common-law distinction was drawn between law cases in which juries were allowed, and cases that were tried in the courts of equity or admiralty, or in some other manner without a jury.[2]

A second and seldom-noted distinction at common law related to the amount of the claim:

> It had been a well established practice in England, and in our early colonial times, that actions for small demands were triable before certain officers having a limited jurisdiction, without a jury .... The sum of forty shillings was fixed upon, then and for many years subsequently, as the dividing line between what was petty and insignificant, and what was of importance in point of value.

J. Proffatt, *A Treatise on Trial By Jury* § 99, at 142 (1877). Where the constitutions of the states incorporated similar monetary limits, the legislatures in many instances increased the jurisdiction beyond the constitutional amount, even where no express power was given in the constitution. *Id.* § 100, at 143–44. One of the English nonjury courts was the court of *piepoudre, curia pedis pulverizati*, so called from the dusty feet of the suitors. It was a court of the market place or fair. The steward who owned or operated the market was the judge, and the claim, which had to arise out of events occurring in that market, had to be made, heard and determined within the same day unless the market or fair continued longer. 3 *Blackstone's Commentaries* 32 (17th ed. 1830).

This small claim nonjury concept was incorporated directly into the seventh amendment to the federal constitution in the "twenty dollar" limitation. We are convinced it also is inherent in article I, section 9, of the Iowa Constitution, even though no monetary limitation is included.

We start from the premise that although no Iowa statute declared the common law in force, it was, by strength of judicial pronouncements, a part of our law from the beginning. *State v. Twogood*, 7 Iowa 252, 253–54 (1858). This, to the extent consistent with our requirements, extended to the ancient statutes that modified and molded basic English common law. *See O'Ferrall v. Simplot*, 4 Iowa 381, 401–03 (1857). If the basic Iowa law is rooted in English common law, then the constitutional direction that "the right of trial by jury shall remain inviolate" carries with it the common-law concept that minor claims may be adjudicated without a jury.

---

**2.** *See* Ross v. Bernhard, 396 U.S. 531, 533, 90 S.Ct. 733, 735, 24 L.Ed.2d 729, 733 (1970); In re U.S. Financial Securities Litigation, 609 F.2d 411, 422 (9th Cir. 1979), *cert. denied*, 446 U.S. 929, 100 S.Ct. 1866, 64 L.Ed.2d 281 (1980).

But the defendant would have us merely examine the statutes in force when our current constitution was adopted in 1857 and, finding no provisions for adjudicating small cases without a jury, hold the right to jury in such cases extends forever. This rationale, advanced in a slightly different context, was rejected long ago by this court.

To determine when the constitutional right to a jury applies, the court turns to the common law, not to the statutes of the moment:

> Our previous cases have settled the question that the constitutional right to a trial by jury extends only to those cases where a jury was necessary according to the course of procedure at common law.

*State ex rel. Kirby v. Henderson,* 145 Iowa 657, 663, 124 N.W. 767, 769 (1910). Defendant's reasoning was rejected more directly in *Littleton v. Fritz,* 65 Iowa 488, 22 N.W. 641 (1885):

> Since the adoption of the constitution, a jury has been allowed in actions for divorce, and this right has been taken away. So in case of the foreclosure of mortgages and mechanics' liens, *we are not, then, required to examine the laws in force at the time the constitution was adopted, and hold that in every case which was then triable by a jury the right to such trial remains inviolate. Such a construction of the constitutional provision involves too narrow a view of legislative power. Id.* at 492, 22 N.W. at 644 (emphasis supplied). *See also State ex rel. Boone County v. Orwig,* 25 Iowa 280, 287–88 (1868).

Holding as we do that the common-law right to adjudicate small claims without a jury was not abrogated by article I, section 9, of the Iowa Constitution, the question remains whether the right is confined to the equivalent of forty shillings. We first note that in colonial times even where the nonjury limitation was constitutionally fixed, the legislatures commonly increased the limitation. J. Proffatt, *supra* § 100, at 143–44. We also reject the concept that the nonjury ceiling protection—forty shillings, twenty

dollars, or any similar sum—should "be read statically, cabined for all times within the confines of jury trial practice in 1791." Wolfram, *supra,* at 735.

The "common law," expressly referred to in the federal clause and implicitly preserved in the Iowa article, is not a "fixed and immutable body of unchanging rules," but was and is characterized by "occasional flexibility and capacity for growth in order to respond to changing social pressures." *Id.* at 736. Such capacity for growth has been evidenced in most of the other provisions of the Bill of Rights in both constitutions. For example, would the treatment prisoners are accorded today have been considered cruel and inhuman punishment in 1789, or even 1857?

The necessity that there be a "carefully limited flexibility . . . in the construction of constitutions" was fully explored and applied in *Pitcher v. Lakes Amusement Co.,* 236 N.W.2d 333 (Iowa 1975), where we overruled our prior holdings that the jury under article I, section 9, is necessarily the jury recognized at common law. *Id.* at 335–38. Although we observed in *Pitcher, id.* at 338, that the Iowa constitutional provision protected the *right* to a jury, that right must be viewed in the light of common-law principles that permitted nonjury trials in minor claims. This concept in turn must be brought into the twentieth century in terms of nonjury limitations based on almost two hundred years of increasing monetary supply. In a shorter period, we note economic conditions have changed since a Henry County eighty acres could be purchased for $126.50, *see Garretson v. Vanloon,* 3 Greene 128, 128 (Iowa 1851), or a Marion County eighty acres could be purchased for $105, *see Hamilton v. Walters,* 3 Greene 556, 556–57 (Iowa 1852).

In summary, the right to a jury trial preserved by the Iowa Constitution, article I, section 9, is the right that existed at common law. A settled common-law rule withheld that right in small claims in the interests of cost to the parties, time constraints, and judicial resources. Moreover, a basic characteristic of the common law is

its capacity for dynamic adaptation to changing social and economic conditions. Clearly, today's economic conditions justify categorizing as a small claim one involving one thousand dollars or less. Thus no jury need be provided in such a case under the historic common-law principle that recognized the right to jury trial only in certain categories of cases that were not small claims.

We hold the Iowa constitutional right-to-jury provision is not violated by Iowa Code chapter 631. This case does not require us to fix a constitutional ceiling amount. The district judge erred in holding section 631.-11(1) was unconstitutional. We reverse on this ground and remand for further proceedings in conformance with this opinion. Costs are taxed to the defendant.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

All Justices concur except UHLEN-HOPP, J., who takes no part.