Warren HIGH, Plaintiff,

v.

SPERRY CORPORATION, Defendant.

Civ. No. 83–154–D–2.

United States District Court,
S.D. Iowa,
Davenport Division.

March 16, 1984.

Edward N. Wehr, Davenport, Iowa, for plaintiff.

Richard M. Batcher, Moline, Ill., for defendant.

## RULINGS ON MOTIONS TO DISMISS AND STRIKE

VIETOR, District Judge.

Plaintiff's complaint alleges that defendant wrongfully terminated his employment with defendant because of his age. He asserts a federal claim under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, et seq., and pendent state claims under the Iowa Civil Rights Act of 1965, Iowa Code Ch. 601A (1983), and the Iowa common law. The defendant has filed a motion to strike and dismiss.

Defendant moves to strike the words "and maliciously" from the ADEA claim (count II) as not pertinent to an action under the ADEA. The court agrees with the reasoning contained in defendant's brief in support of its motion, and concludes that the words "and maliciously" must be stricken as surplusage.

■ Defendant moves to strike from the Iowa Civil Rights Act claim (count III) plaintiff's demand for punitive damages. Whether punitive damages may be awarded under a state law claim must be determined by the law of the state. *Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); 1A Moore's Federal Practice ¶ 0.30, at 3139 (2d ed. 1948). The Iowa Supreme Court has not ruled on the issue of availability of punitive damages under the Iowa Civil Rights Act. Therefore, this court "must judicially 'estimate' what the Iowa Supreme Court would do if confronted with the same issue. *Bernhardt v. Polygraphic Co.,* 350 U.S. 198, 209, 76 S.Ct. 273 [279], 100 L.Ed. 199 (1956) (concurring opinion)." *Heeney v. Miner,* 421 F.2d 434, 439 (8th Cir.1970).

■ This court's "estimate" is that the Iowa Supreme Court would hold that puni-

tive damages are unavailable under the Iowa Civil Rights Act.

A person claiming to be aggrieved by an unfair or discriminatory practice must first seek administrative relief from the Iowa Civil Rights Commission, and may seek relief in court only after exhausting the administrative remedy. Iowa Code § 601A.16(1) (1983). The power of the court to award remedial relief for employment discrimination is only as broad as that conferred upon the Iowa Civil Rights Commission. Iowa Code § 601A.16(5) (1983).[1] Therefore, the Commission's statutory power to grant relief by way of damages must be examined. The statute provides that the commission may order: "Payment to the complainant of damages for an injury caused by the discriminatory or unfair practice which damages shall include but are not limited to actual damages, court costs and reasonable attorney fees." Iowa Code § 601A.15(8)(a)(8) (1983).

Plaintiff argues that the "not limited to actual damages" language implies the availability of punitive damages. The court disagrees. It is true that the term "actual damages" is often used synonymously with compensatory damages and when so used encompasses all elements of damages except punitive damages. However, the term "actual damages" in a statute may also refer only to pecuniary losses and not include other types of non-punitive damages, such as special damages. *See Fitzpatrick v. Internal Revenue Service,* 665 F.2d 327, 329–31 (11th Cir.1982) ("actual damages" authorized by the Federal Privacy Act permits recovery only for pecuniary losses and not for other injuries). Thus, the phrase "not limited to actual damages" in the Iowa statute does not necessarily imply the availability of punitive damages.

The statute expressly authorizes only "damages *for an injury* caused by the discriminatory or unfair practice * * *." (Emphasis supplied.) That is the basic stat-

---

1. "The district court may grant any relief in an action under this section which is authorized by section 601A.15, subsection 8 to be issued by the commission." Iowa Code § 601A.16(5) (1983).

utory grant of power to the commission to award damages, and the "not limited to actual damages" phrase must be read within the limits of that grant. Only compensatory damages are for an injury; punitive damages are not imposed for an injury but are imposed as punishment for bad conduct. *Nelson v. Restaurants of Iowa, Inc.*, 338 N.W.2d 881, 884–85 (Iowa 1983).

Punitive damages are extraordinary and are not a favorite of the law. Traditionally, they can be awarded only in law, not in equity. 22 Am.Jur.2d Damages §§ 238 & 239. This court has been unable to find a case which holds that an administrative body, even when acting in a quasi-judicial capacity, can exercise the extraordinary power of awarding punitive damages to a claimant. The court believes that if and when the issue is presented to the Iowa Supreme Court, it will interpret the term "actual damages" in the Iowa statute to be a reference only to pecuniary losses and will construe the phrase in which that term is found—"which damages shall include but are not limited to actual damages"—to fall short of enabling the commission to award punitive damages. I think it most unlikely that the Iowa Supreme Court would ever find power in an administrative agency to award punitive damages to a claimant unless there were an express legislative grant of such power. Defendant's motion to strike the claim for punitive damages from count III of the complaint must be granted.

Defendant moves to dismiss count IV of the complaint, which alleges a breach by defendant of a common law implied covenant of good faith and fair dealing. Defendant argues that no common law action exists under Iowa law for age discrimination and that the Iowa Civil Rights Act provides the exclusive state law remedy for age discrimination in employment. Defendant may be correct, but plaintiff is alleging in count IV a breach of an implied covenant, not an age discrimination claim as such.

██ A motion to dismiss for failure to state a claim should be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

██ The terms of the employment relationship between plaintiff and defendant are not before the court. Perhaps plaintiff can prove an employment relationship and other facts giving rise under Iowa common law to a cause of action for breach of an implied covenant of good faith and fair dealing. The motion to dismiss must be denied.

Defendant's motion to strike the words "and maliciously" from count II of the complaint is granted, and the words "and maliciously" are hereby stricken from count II of the complaint.

Defendant's motion to strike plaintiff's claim for punitive damages under the Iowa Civil Rights Act in count III of the complaint is granted, and paragraph (b) of the count III prayer is stricken.

Defendant's motion to dismiss count IV of the complaint is denied.