**Jeff L. HALSEY, Appellant.**

v.

**COCA–COLA BOTTLING COMPANY OF MID–AMERICA, INC. d/b/a Coca-Cola Bottling Company of Quad Cities, Appellee.**

No. 86–169.

Supreme Court of Iowa.

Aug. 19, 1987.

Michael J. McCarthy of McCarthy & Lammers, Davenport, for appellant.

William C. Martucci and L. Camille Hebert of Spencer, Fane, Britt & Browne, Kansas City, Mo., and Patrick J. Flynn of Rehling, Lindburg & Gosma, Davenport, for appellee.

CARTER, Justice.

Plaintiff, Jeff L. Halsey, appeals from an adverse decision of the district court in a disability discrimination action filed pursuant to Iowa Code section 601A.6(1)(a) (1983). The action was commenced after plaintiff received a right-to-sue letter from the Iowa Civil Rights Commission. The district court denied relief. The court of appeals reversed the district court's decision and concluded that defendant had failed to make a reasonable accommodation with respect to plaintiff's handicap. We granted further review. Upon consideration of the issues presented, we vacate the decision of the court of appeals and affirm the judgment of the district court.

Plaintiff was twenty-six years of age at the time of trial. He was hired in January 1983 by defendant's Davenport office as a vending machine serviceman. His job description required a current Iowa driver's license and called for the performance of duties in repairing, maintaining, rebuilding, sanitizing and transporting vending machines utilized in defendant's business.

In carrying out his job, plaintiff was required to drive to various sites where Coca-Cola vending machines were in need of repair or replacement. His territory extended from Ainsworth, Iowa, on the west, to Annawan, Illinois, on the east; and from Lost Nation, Iowa, on the north, to Sherrard, Illinois, on the south. Defendant provided a truck for plaintiff to drive as transportation to sites where equipment needed repairing and for picking up and delivering equipment required to be repaired in the Davenport shop.

In April 1983, defendant required all of its employees who drove over the highway to take physical examinations required by federal regulations. Plaintiff did not pass the vision requirement on said examination. His condition was subsequently diagnosed at University Hospitals in Iowa City as "macular degeneration," a permanent degenerative condition of the retina. Because defendant interpreted the federal regulations as inapplicable to the operators of light trucks, it temporarily permitted plaintiff to continue working at his job. However, in August 1983, the Iowa Department of Transportation refused to issue plaintiff a current chauffeur or operator's license because of his inability to pass the required vision test. In September 1983, defendant terminated plaintiff's employ-

ment on the ground that his job involved driving responsibilities which could not be performed without a valid license.

Plaintiff hired an attorney, negotiated with defendant for reassignment, and ultimately filed a complaint with the Iowa Civil Rights Commission under Iowa Code section 601A.6(1)(a) (1983). That agency issued its right-to-sue letter May 15, 1984. This action was commenced August 8, 1984.

### I. *Scope of Review.*

Plaintiff's action was filed, docketed and tried in equity in the district court. We treat a case on appeal in the same manner as it was tried in district court. *Life Investors' Ins. Co. v. Heline,* 285 N.W.2d 31, 35 (Iowa 1979); *Henderson v. Hawkeye Sec. Ins. Co.,* 252 Iowa 97, 100, 106 N.W.2d 86, 88 (1960). Consequently, as was the case in *Frank v. American Freight Systems, Inc.,* 398 N.W.2d 797, 799 (Iowa 1987), our review is de novo pursuant to Iowa Rule of Appellate Procedure 4.

### II. *Was the Physical Condition Which Prevented Plaintiff From Being a Licensed Motor Vehicle Operator Unrelated to His Ability to Engage in His Particular Occupation?*

The initial question which must be answered in regard to plaintiff's claim is whether his lack of sufficient vision to obtain a driver's license is a condition unrelated to his ability to engage in his employment with defendant. The district court answered that question in the negative and found that plaintiff's physical condition adversely affected his ability to carry out the duties of his job description. Because of the considerable amount of driving which plaintiff had been required to do throughout his work history with the defendant, the court of appeals did not disagree with the district court's basic finding on this issue. The court of appeals concluded, however, that any incompatibility between plaintiff's physical impairment and his over-the-road driving duties could be avoided if the employer made a "reason-

able accommodation." We consider the issue of reasonable accommodation in the subsequent division of this opinion. For purposes of the initial inquiry, however, we agree with and uphold the findings of the district court and court of appeals that plaintiff's handicap prevents him from adequately performing the requirements of his historic job description.

### III. *Reasonable Accommodation.*

■ We next consider whether the court of appeals correctly found from the evidence that defendant could reasonably accommodate plaintiff's handicap without imposing an undue hardship on its business operation. The district court concluded once a finding is made that a physical disability adversely affects an employee's ability to engage in a particular occupation, no issue can exist with respect to a reasonable accommodation of that employee. The court reached this conclusion by theorizing that such employees are, by definition,[1] not disabled and thus are outside of the protections of the Iowa Civil Rights Act. The court of appeals concluded that this interpretation of the statute would unduly limit the employer's obligation to make a reasonable accommodation to a known physical impairment as required by regulations promulgated under the act. *See, e.g.,* 240 Iowa Admin.Code 6.2(6). Although a literal reading of section 601A.2(11) might suggest otherwise, we agree with the court of appeals that an employer's obligation of reasonable accommodation extends to substantial physical impairment affecting an employee's ability to perform on the job. *Cerro Gordo County Care Facility v. Iowa Civil Rights Comm'n,* 401 N.W.2d 192, 197 (Iowa 1987). A viable issue therefore exists concerning the defendant's duty of reasonable accommodation and that issue must be decided on the merits.

The court of appeals suggested that a reasonable accommodation could be implemented in the present case by plaintiff arranging at his own expense for transportation to the various locations in the field

---

1. *See* Iowa Code § 601A.2(11) (1983).

where he might be assigned. Plaintiff suggested that his wife could assist in this effort by doing the required driving. The court of appeals found this to be a feasible solution which would not place an undue hardship on the employer.

 We believe the court of appeals' assessment of reasonable accommodation overlooks a significant feature of the job plaintiff was hired to perform. Even if we assume that it would be a reasonable accommodation of plaintiff's handicap to permit him to provide his own transportation to and from the locations in the field where equipment needed to be repaired, this is not all that he was required to do. It was also his responsibility to pick up and deliver vending equipment owned by defendant for purposes of in-house repair.

Assuming that plaintiff is correct in contending that it would not impose an undue risk of liability on his employer if he was driven to work assignments by a driver not employed by defendant or subject to defendant's control, this does not solve the problem of equipment transportation. We do not believe that plaintiff's employer can reasonably be expected to allow its valuable equipment to be transported in vehicles driven by persons it does not select and over whom it exercises no control. The record indicates that if plaintiff could not transport equipment to Davenport for needed in-house repair, at the time of a service call, extra transportation costs would necessarily be incurred by defendant to accomplish that objective.

Based on the facts as we find them to be, we disagree with the conclusion of the court of appeals that defendant was guilty of discrimination in declining to implement the type of accommodation contemplated by that court. In considering the reasonableness of an employer's accommodation of an employee's disability, we must consider not only the disabled employee's needs but also the economic realities faced by the employer. *Cerro Gordo County Care Facility*, 401 N.W.2d at 197.

We are also unable to find from the evidence presented that other accommodations were reasonably available within defendant's business operation at the time defendant's services were terminated which would have permitted his retention in its employment. Among the evidence sustaining this conclusion was a showing that there was not enough in-house repair work on defendant's vending machines to require the services of a full-time employee.

We vacate the decision of the court of appeals and affirm the judgment of the district court.

DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.