Bobbi GRAY, Plaintiff,

v.

NASH FINCH COMPANY, Defendant.

Nos. C86–0010, C86–0016.

United States District Court,
N.D. Iowa,
Cedar Rapids Division.

Nov. 17, 1988.

J. Richard Johnson, Cedar Rapids, Iowa, for plaintiff.

Mark M. Schorr, Lincoln, Neb., Carolyn M. Hinz, Cedar Rapids, Iowa, for defendant.

HANSEN, District Judge.

This matter is before the court on defendant's unresisted motion to strike jury demand, filed August 12, 1988. The procedural history of this case is as follows:

On January 22, 1986, plaintiff filed her complaint in the United States District Court for the Northern District of Iowa. At the same time, plaintiff filed a petition in the Iowa District Court for Linn County. In her complaint as amended and her petition plaintiff alleged that, due to her age and sex, defendant committed unfair and/or discriminatory employee practices as defined in Iowa Code Chapter 601A. Plaintiff further alleges violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* Plaintiff attached

to her complaint and petition an administrative release and/or right-to-sue letter issued by the Iowa Civil Rights Commission pursuant to Iowa Code § 601A.16 and 240 Iowa Admin.Code § 1.5(4) (currently contained in 161 Iowa Admin.Code § 3.9) dated October 28, 1985. Also accompanying plaintiff's complaint and plaintiff's petition was an administrative release/right-to-sue letter from the Equal Employment Opportunity Commission dated November 26, 1985.

On February 14, 1986, defendant filed a petition for removal seeking removal of plaintiff's state law action to this court. The petition was unresisted and the removed action was assigned case file number C86–0016. On March 20, 1986, the magistrate [1] filed an order consolidating cases numbered C86–0010 and C86–0016.

In this consolidated case, plaintiff alleges that she is a 25–year–old female who was first hired by defendant in May, 1981. In August, 1982, plaintiff alleges that she was promoted to a grocery buyer-merchandiser. Following this promotion, plaintiff alleges disparate treatment as compared to her male counterparts due to her age and sex. In December, 1984, plaintiff was terminated. Plaintiff claims that defendant improperly discriminated against her because of her sex and age. Plaintiff seeks a letter of apology, a clean personnel record, a cease and desist order preventing defendant from committing discriminatory practices, reinstatement, back pay, seniority rights, and fringe benefits from the date of defendant's alleged unfair and/or discriminatory employment practices. Furthermore, plaintiff seeks damages for mental and emotional distress and attorney's fees. Plaintiff seeks a jury trial, and defendant filed a motion to strike jury demand on August 12, 1988. Plaintiff has not resisted this motion and the time to resist has expired. *See* Local Rule 14(f). Thus, the court may grant defendant's motion. *See id.* However, due to the nature of the issue, the court considers defendant's arguments on the merits. Accordingly, defendant's unresisted motion to strike jury demand is properly before the court.

### Discussion

#### Federal Claims

Plaintiff alleges discrimination on the basis of her sex in violation of Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. § 2000e, *et seq.* The Eighth Circuit has held that there is no statutory or constitutional right to a jury trial in a Title VII action. *See, e.g., Craft v. Metromedia, Inc.,* 766 F.2d 1205, 1209 n. 3 (8th Cir.1985) (citing *Harmon v. May Broadcasting Co.,* 583 F.2d 410, 410 (8th Cir.1978)), *cert. denied,* 475 U.S. 1058, 106 S.Ct. 1285, 89 L.Ed.2d 592 (1986). In so deciding, the Eighth Circuit joined the Fourth, Fifth, Sixth, and Ninth Circuits in holding that "[a]n award of back pay under Title VII for discriminatory employment practices is an integral part of the equitable remedy of reinstatement and is not comparable to damages in a common-law action for breach of employment contract." *Harmon,* 583 F.2d at 411. Accordingly, in light of the Eighth Circuit's construction of Title VII, plaintiff has no right to a jury trial on her federal claims.

#### State Claims

Because this court sits in diversity in hearing plaintiff's state claims, the issue of whether plaintiff has a right to a jury trial must be determined under Iowa law. *See, e.g., Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Although the issue has been judicially discussed, no court has determined whether there is a right to a jury trial in a Chapter 601A claim. *See Hall v. Gus Constr. Co.,* 842 F.2d 1010, 1016–17 (8th Cir.1988) (issue not preserved for appeal); *Chauffeurs, Teamsters & Helpers Local Union No. 238 v. Iowa Civil Rights Comm'n,* 394 N.W.2d 375, 382 (Iowa 1986) (same). Accordingly, the court "must judicially 'estimate' what the Iowa Supreme Court would do if confronted with the same issue." *Heeney v. Miner,* 421 F.2d 434, 439 (8th Cir.1970) (citing *Bernhardt v. Polygraphic Co.,* 350 U.S. 198, 209, 76 S.Ct. 273, 279, 100 L.Ed.

---

**1.** The Honorable James D. Hodges, Jr., United States Magistrate.

199 (1956) (concurring opinion)). Furthermore, because the defendant's arguments involve issues of statutory construction as well as constitutional interpretation, if the statute is "fairly subject to different constructions, one of which will render it constitutional and another unconstitutional or of doubtful constitutionality, the construction by which it will be upheld will be followed and adopted." *State v. Rasmussen*, 213 N.W.2d 661, 666 (Iowa 1973) (citing *State v. McGuire*, 200 N.W.2d 832, 833 (Iowa 1972)). Thus, the court addresses the statutory construction issue first.

### Statutory Construction

■ There are two related, but distinct, ways that a plaintiff can make a claim under the Iowa Civil Rights Act, Iowa Code Chapter 601A. Under Iowa Code § 601A.15, a party claiming to be agrieved may file a written complaint with the Iowa Civil Rights Commission and the commission will make an administrative investigation and hold a hearing. Such decisions by the commission are reviewed "in accordance with the terms of the Iowa administrative procedures Act [Iowa Code Chapter 17A]." Iowa Code § 601A.17(1). However, a complainant may also request an administrative release/right-to-sue letter from the Iowa Civil Rights Commission. Iowa Code § 601A.16(2). This gives the complainant a right to commence an action in district court. *Id.* In this case, plaintiff chose the latter route and received an administrative release/right-to-sue letter from the Iowa Civil Rights Commission on October 28, 1985.

One commentator has stated that "a significant benefit of the right-to-sue option may be the prospect of a district court trial by jury." *See* Nichols, *Iowa's Law Prohibiting Disability Discrimination in Employment: An Overview*, 32 Drake L.Rev. 273, 327 (1982–83). However, this commentator relied on Ia.R.Civ.P. 177 and 178 to support this statement. *See* Nichols, *Iowa's Law*, 32 Drake L.Rev. at 319 nn. 382, 383. Defendant concedes that plaintiff demands a jury trial. Accordingly, Ia.R.Civ.P. 177 has been complied with. Ia.R. Civ.P. 178, in relevant part, states that "[i]ssues for which a jury is demanded shall be tried to a jury *unless* the Court finds that there is no right thereto...." Ia.R.Civ.P. 178 (emphasis added). Accordingly, any reliance on the Rules of Civil Procedure for a right to a jury trial is misplaced. The key question here is whether there is a statutory right to a jury trial.

Iowa courts have looked to the interpretation of Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. § 2000e, *et seq.*, to interpret the Iowa Civil Rights Act. "Iowa Code Chapter 601A is patterned after the federal act.... Interpretations of the federal act are instructive." *Annear v. State*, 419 N.W.2d 377, 379 (Iowa 1988) (citing *Hubbard v. State*, 163 N.W.2d 904, 909 (Iowa 1969)). As stated previously, the Eighth Circuit Court of Appeals has stated that "[t]here is no right to a jury trial in a Title VII suit." *Craft*, 766 F.2d at 1209 n. 3 (citing *Harmon*, 583 F.2d at 410). Iowa case law is consistent with this result. *See, e.g., Halsey v. Coca–Cola Bottling Co.*, 410 N.W.2d 250, 252 (Iowa 1987) (following receipt of right-to-sue letter, plaintiff's disability discrimination action was "filed, docketed, and tried in equity in the district court."); *Frank v. American Freight Sys., Inc.* 398 N.W.2d 797, 799 (Iowa 1987) (following issuance of right-to-sue letter, plaintiff pursued disability discrimination action in equity and it was tried as an equitable action). *But cf. Ayala v. Center Line, Inc.*, 415 N.W.2d 603, 604–06 (Iowa 1987) (following issuance of right-to-sue letter, parties not contending that jury trial was error; court holding that assessment of attorney's fees under Iowa Code § 601A.15(8)(a)(8) is equitable issue for the court). Furthermore, interpretation of the Age Discrimination in Employment Act of 1967 (ADEA), codified at 29 U.S.C. § 621, *et seq.*, is inapposite. Statutorily, the ADEA clearly provides for a jury trial in age discrimination complaints. *See* 29 U.S.C. § 626(c)(2). Neither party has cited, nor has the court found, a clear statutory right to a jury trial in Iowa Code Chapter 601A. Thus, because of this basic statutory difference, the ADEA is not instructive in deter-

mining whether Iowa Code Chapter 601A contains a jury trial provision.

If a plaintiff alleges discrimination, and if that plaintiff elects to proceed according to the administrative release/right-to-sue letter route, the district court sits as the Iowa Civil Rights Commission. *See* Iowa Code § 601A.16. "The district court may grant any relief in an action [brought pursuant to an administrative release/right-to-sue letter] which is authorized by § 601A.15, subsection 8 to be issued by the commission." Iowa Code § 601A.16(5). The general provisions of Iowa Code § 601A.15 do not require a jury. Furthermore, the stated legislative purpose in adding the option of obtaining an administrative release/right-to-sue letter, was to insure that discrimination claims were processed promptly. "It is the legislative intent of this chapter that every complaint be at least preliminarily screened during the first one hundred twenty days." Iowa Code § 601A.16(6); *see generally* Note, *Implications of the Right–To–Sue Amendment to Iowa's Civil Rights Law,* 65 Iowa L.Rev. 720 (1980). Thus, the administrative release/right-to-sue letter provision contained in Iowa Code § 601A.16 does not guarantee the right to a jury trial.

The definition of the term "court" counsels against a finding that there is a right to a jury trial under Iowa Code Chapter 601A. Iowa Code § 601A.2(1) defines "court" as "the district court in and for the judicial district of the state of Iowa ... or any judge of said court if the court is not in session at that time." Iowa Code § 601A.2(1). Applying this definition to the procedures used in Iowa Code § 601A.15, via Iowa Code § 601A.16, indicates that the court, and not a judge and a jury, would hear the case. *See* Iowa Code § 601A.15; *accord Iowa Nat'l Mut. Ins. Co. v. Mitchell,* 305 N.W.2d 724, 726 (Iowa 1981). Furthermore, Iowa Code Chapter 601A is devoid of references to a jury, a jury demand, or jury instructions. Thus, the term "court," as used in Iowa Code Chapter 601A, means a judge or a trial court without a jury. *Accord Iowa Nat'l* 305 N.W.2d at 726.

Finally, if this court were to imply a statutory right to a jury trial, such a provision would be available only under the administrative release/right-to-sue procedure. *See* Iowa Code § 601A.16(2). Because only plaintiff may elect to proceed under the administrative release/right-to-sue procedure, an implied statutory right to a jury trial would be available only if plaintiff exercised the administrative release/right-to-sue procedural option. *See id.* ("Upon a request by the *complainant....*") (emphasis added). Thus, if a right to a jury trial was implied, plaintiff would have a statutory right to a jury trial but defendant's right would be dependent on plaintiff's procedural election. The court is reluctant to give Iowa Code Chapter 601A such a strained reading and accordingly will not imply a right to a jury trial. *Cf. Chauffeurs,* 394 N.W.2d at 384 (court refusing to imply availability of punitive damages under Iowa Code Chapter 601A); *High v. Sperry Corp.,* 581 F.Supp. 1246, 1248 (S.D.Iowa 1984) (same).

In sum, the court determines that Iowa Code Chapter 601A does not provide plaintiff a right to a jury trial on her claims, and the court will not imply such a right. Having so decided, the court must now address the constitutional question: Whether Iowa Code Chapter 601A, which does not give plaintiff the right to a jury trial, is constitutional as applied.

### The Constitutional Issue

█ Plaintiff alleges a constitutional right to a jury trial in her action. In order to determine whether plaintiff has such a right, the court must identify the remedies she seeks. *See Iowa Nat'l,* 305 N.W.2d at 727. If plaintiff seeks remedies at law, generally she will have a constitutional right to a jury trial. *See id.* However, if she seeks equitable remedies, her claim is a matter to be tried to the court. *See id.* Plaintiff seeks attorney's fees, a letter of apology, a clean personnel record, a cease and desist order preventing defendant from committing discriminatory practices, reinstatement, back pay, seniority rights, and fringe benefits from the date of defendant's alleged improper actions. Plaintiff

also seeks damages for mental and emotional distress. Accordingly, the court must examine the nature of these damages to determine whether plaintiff has a right to a jury trial.

The Iowa Supreme Court recently construed Iowa Code § 601A.15(8)(a)(8) as requiring "that the issue of reasonable attorney fees be reserved for the court." *Ayala*, 415 N.W.2d at 606. Accordingly, plaintiff cannot claim a constitutional right to a jury trial on the basis of her claim for attorney's fees.

As to plaintiff's claims for a letter of apology, a clean personnel record, a cease and desist order, reinstatement, back pay, seniority rights, and benefits, the court's authority to grant relief is coterminous with the authority of the Iowa Civil Rights Commission. *See* Iowa Code § 601A.16(5); *Hall*, 842 F.2d at 1017; *High*, 581 F.Supp. at 1247. Iowa Code § 601A.15(8), while granting broad discretion to fashion a remedy, authorizes an award of all these remedies in appropriate cases. Iowa Code § 601A.15(8); *cf. Foods, Inc. v. Iowa Civil Rights Comm'n*, 318 N.W.2d 162, 171 (Iowa 1982). Thus, this court has the authority to award these remedies.

In light of this authority, the Iowa Supreme Court has stated that Title VII of the Civil Rights Act of 1964 serves as a guide in interpreting Iowa Code Chapter 601A. *See Wilson–Sinclair Co. v. Griggs*, 211 N.W.2d 133, 139–40 (Iowa 1973); *accord Annear*, 419 N.W.2d at 379 ("Iowa Code Chapter 601A is patterned after the federal act.... Interpretations of the federal act are instructive."). As mentioned previously, the Eighth Circuit has held that there is no statutory or constitutional right to a jury trial in a Title VII action. *See, e.g., Craft*, 766 F.2d at 1209 n. 3 (citing *Harmon*, 583 F.2d at 410). "An award of back pay under Title VII for discriminatory employment practices is an integral part of the equitable remedy of reinstatement and is not comparable to damages in a common-law action for breach of employment contract." *Harmon*, 583 F.2d at 411. Accordingly, applying the Eighth Circuit's construction of Title VII to Iowa Code Chapter

601A, plaintiff cannot claim a constitutional right to a jury trial in seeking the equitable remedies of a cease and desist order, reinstatement, and the integral parts of reinstatement: back pay, seniority rights, benefits, a letter of apology, and a clean personnel record. *See id.*

■ Finally, although there is some authority for the proposition that a complainant under Iowa Code Chapter 601A can file an independent cause of action for tortious infliction of emotional distress, *see Northrup v. Farmland Indus., Inc.*, 372 N.W.2d 193 (Iowa 1985), plaintiff has not filed such an action. Rather, plaintiff seeks emotional distress damages under Chapter 601A that she claims to have suffered due to defendant's alleged discriminatory acts. *See* plaintiff's petition, filed January 22, 1986, at 2; plaintiff's complaint, filed January 22, 1986, at 3; *accord Chauffeurs*, 394 N.W.2d at 382–83. The Iowa Supreme Court has recognized that the Iowa Civil Rights Commission can award emotional distress damages, resulting from unlawful discrimination, pursuant to Iowa Code § 601A.15(8). *See Chauffeurs*, 394 N.W.2d at 382–83. However, the court in *Chauffeurs* did not state that a plaintiff under the Iowa Civil Rights Act had a *right* to emotional distress damages. *See id.* "Allowing the award of emotional distress damages is also consistent with the commission's *discretion* in fashioning an appropriate remedy under § 601A.15(8)." *Id.* at 383 (emphasis added) (citing *Foods, Inc.*, 318 N.W.2d at 171). Thus, plaintiff's claim for emotional distress pursuant to Iowa Code § 601A.15(8) is discretionary and not a matter of right. *See, e.g., Chauffeurs*, 394 N.W.2d at 383; *Foods, Inc.*, 318 N.W. 2d at 171; Iowa Code § 601A.15(8) ("[The commission is] to take the necessary remedial action *as in the judgment of the commission* will carry out the purposes of this chapter.") (emphasis added).

■ Thus, in light of the statutory direction authorizing the court to grant any relief the commission may grant, *see* Iowa Code § 601A.16(5), and due to the equitable and discretionary nature of those remedies, *see* Iowa Code § 601A.15(8), the court de-

termines that plaintiff seeks equitable remedies. *See Olin v. Prudential Ins. Co.,* 798 F.2d 1, 7–8 (1st Cir.1986) (construing Massachusetts Fair Employment Act, allowing plaintiff to "bring a civil action for damages or injunctive relief or both," as providing an equitable, rather than legal cause of action); *see also Foods, Inc.,* 318 N.W.2d at 171; *Halsey,* 410 N.W.2d at 252 (action tried in equity in district court); *Frank,* 398 N.W.2d at 798–99 (action seeking back pay, front pay, damages for emotional distress and mental anguish, and attorney's fees filed in and tried in equity); *cf. Curtis v. Loether,* 415 U.S. 189, 197, 94 S.Ct. 1005, 1010, 39 L.Ed.2d 260 (1974) (dicta) (comparing discretion available to court in Title VII claims with lack of discretion available to court in claims under Title VIII of the Civil Rights Act of 1968 in holding that either party has a constitutional right to a jury trial in a Title VIII claim). *But cf. Ayala,* 415 N.W.2d at 604–06 (although plaintiff's jury request was honored by trial court, Supreme Court holding that issue of reasonable attorney's fees is decided by the court). Thus, in this case, plaintiff's claim for emotional distress damages is a claim for an equitable remedy. Accordingly, for the reasons set out discussing plaintiff's claim for a letter of apology, a clean personnel record, a cease and desist order, reinstatement, back pay, seniority rights, and fringe benefits, plaintiff has no constitutional right to a jury trial on her emotional distress claim.

This result is consistent with Iowa case law. Although it is a truism that courts interpret the laws, it is also true that the Iowa legislature has some power to define the nature of a cause of action as equitable and therefore triable to the court rather than to a jury. In 1885, the Iowa Supreme Court wrote:

> The legislative history of this state, and the jurisdiction entertained by its courts, do not warrant the conclusion that there is no legislative discretion in regard to what controversies shall be of equitable cognizance. Since the adoption of the constitution, a jury has been allowed in actions for divorce, and this right has been taken away. So in case of the

foreclosure of mortgages and mechanics' liens. We are not, then, required to examine the laws in force at the time the constitution was adopted, and hold that in every case which was then triable by a jury, the right to such trial remains inviolate. Such a construction of the constitutional provision involves too narrow a view of legislative power.

*Littleton v. Fritz,* 65 Iowa 488, 492, 22 N.W. 641, 643–44 (1885) (*quoted with approval in Iowa Nat'l,* 305 N.W.2d at 728); *accord Pitcher v. Lakes Amusement Co.,* 236 N.W.2d 333 (Iowa 1975). As stated previously, the remedies available under Iowa Code § 601A.15(8) are equitable remedies provided by the Iowa legislature. Having so decided, this court's best judicial estimate is that the Iowa Supreme Court, if faced with the same issue, would find that plaintiff has no constitutional right to a jury trial on her Iowa Code Chapter 601A claims. *Accord Olin,* 798 F.2d at 7–8; *Littleton,* 65 Iowa at 492, 22 N.W. at 643–44; *cf. Iowa Nat'l,* 305 N.W.2d at 728–29. Thus, the court determines that Iowa Code Chapter 601A, which does not give plaintiff the right to a jury trial, is constitutional as applied.

## ORDER:

Accordingly, It Is Ordered:

1. Defendant's motion to strike jury demand, filed August 12, 1988, is granted.

2. This matter shall be tried to the court.

Done and Ordered.