695 P.2d 476

E. Mae THOMAS, a/k/a E. Mae Patterson, Individually and as Mother and Next Friend of Cipriana and Althea Patterson, Minors, Plaintiffs-Appellees,

v.

Marjorie L. HENSON, Defendant-Appellant.

No. 15697.

Supreme Court of New Mexico.

Jan. 30, 1985.

Rehearing Denied Feb. 20, 1985.

Mark J. Klecan, Albuquerque, for defendant-appellant.

David A. Archuleta, Albuquerque, for plaintiffs-appellees.

## OPINION

RIORDAN, Justice.

Plaintiffs brought suit in district court to recover damages for injuries sustained in an automobile accident with defendant. The district court granted plaintiffs' pretrial motion to exclude any evidence relating to plaintiffs' failure to use available seat belts. The jury found defendant 100 percent at fault and awarded damages to plaintiffs. Defendant then filed a motion for new trial and again raised the seat belt issue. The district court denied defendant's motion, and defendant appealed to the Court of Appeals.

The Court of Appeals affirmed the judgment in favor of plaintiffs and held:

[W]here there is competent evidence to prove that a person acted unreasonably in failing to use an available seat belt under the circumstances of the particular case, and that failure produced or contributed substantially to producing at least a portion of plaintiff's damages, then the fact finder should be permitted to consider this factor together with other evidence in deciding whether damages otherwise recoverable should be reduced.

The Court of Appeals determined that its holding would apply to cases filed after the date on which its opinion becomes final, to cases pending in the district courts when the opinion becomes final, and to cases remanded after appeal if the issue has been preserved.

Dean Koop, the administrator and personal representative of a party to a separate case pending in district court, and the New Mexico Trial Lawyers Association each filed motions for leave to intervene to this Court and also filed a joint petition for a writ of certiorari in the event their motions for leave to intervene were granted. We denied their motions for leave to intervene. However, under the authority of N.M. Const. art. VI, Section 3, this Court issued a writ of certiorari on its own motion to review the Court of Appeals' opin-

ion. *State v. Gunzelman,* 85 N.M. 295, 512 P.2d 55 (1973).

The Court of Appeals' opinion is well-reasoned, carefully thought out, and logical in its conclusion. However, we believe that the creation of a "seat belt defense" is a matter for the Legislature, not for the judiciary. We therefore affirm that part of the Court of Appeals' opinion that upholds the award in favor of plaintiffs and reverse that part that creates a "seat belt defense."

IT IS SO ORDERED.

FEDERICI, C.J., SOSA, Senior Justice, and STOWERS and WALTERS, JJ., concur.