Richard L. **DUNTZ**, Appellant,

v.

Alicia **ZEIMET**, Appellee.

No. 91-198.

Supreme Court of Iowa.

Dec. 24, 1991.

David L. Leitner, Des Moines, for appellant.

William G. Brewer, Des Moines, for appellee.

Considered by HARRIS, P.J., and LARSON, CARTER, LAVORATO, and SNELL, JJ.

PER CURIAM.

On July 2, 1989, Richard Duntz and Alicia Zeimet were involved in an automobile accident at an intersection in Des Moines. It was alleged that the accident occurred when Duntz made a left turn across the lane Zeimet was driving. Both parties sustained bodily injuries and property damages. At the time of the accident, Zeimet was not wearing her seat belt.

In January 1990, Duntz filed a petition seeking damages from Zeimet arising out of the accident. Zeimet filed an answer, denying liability. Zeimet also filed a counterclaim claiming that Duntz was negligent and proximately caused the accident.

Before trial, Duntz filed a motion to adjudicate law points. Duntz asked the district court to determine that Iowa Code section 321.445(4) (1989) was unconstitutional as violative of equal protection, due process, and a plaintiff's right to trial by jury. Section 321.445(4) provides, in relevant part, that the failure of a party to wear a safety belt is not evidence of comparative fault but may be considered to reduce the amount of a party's recovery by no more

than five percent. The district court found the statute constitutional and denied the motion. The case proceeded to trial. At trial, Zeimet was represented by two attorneys. Over Duntz's objections, the court permitted both attorneys to voir dire potential jurors and to separately address the jury in opening and closing arguments.

Following trial, the jury returned its verdict. The jury found both Duntz and Zeimet fifty percent at fault as to the claims of each party. The jury determined Duntz's damages at $5867. Zeimet's damages were set at $9271.65. The jury then determined that Zeimet's recovery should be reduced by five percent for her failure to wear a seat belt. The district court then entered judgment accordingly. Duntz has filed this appeal.

■■ I. On appeal, Duntz contends that section 321.445(4) deprived him of his right to trial by jury and of the equal protection of the laws. As a result, Duntz argues that the failure to wear a seat belt should be considered as evidence of an unreasonable failure to mitigate damages under comparative fault.

Article one, section nine of the Iowa Constitution provides that "the right of trial by jury shall remain inviolate." In discussing the extent of the right to a jury, this court has held that, "[T]he right to a jury trial preserved by the Iowa Constitution, article I, section 9, is the right that existed at common law." *Iowa Nat'l Mut. Ins. Co. v. Mitchell*, 305 N.W.2d 724, 728 (Iowa 1981). In determining that damage limits in medical malpractice cases were unconstitutional, the Kansas Supreme Court noted that, "Common law allows for the recovery of damages for negligent injury ..., and therefore the right to jury trial applies here. Kansas cases hold that the right to a jury trial includes the right to have a jury determine damages." *Kansas Malpractice Victims v. Bell*, 243 Kan. 333, 342, 757 P.2d 251, 258 (1988). Here, though, the question is whether the failure to wear a seat belt would be considered a failure to mitigate damages at common law.

Recently, this court concluded that the nonuse of a helmet by a moped or motorcycle operator did not constitute a failure to mitigate damages. *Meyer v. City of Des Moines*, 475 N.W.2d 181 (Iowa 1991). The court analyzed the question by considering whether there was a duty at common law to use such a helmet. *Id.* at 187. The court noted that several jurisdictions have found the doctrine of mitigation of damages inapplicable in seat belt and helmet cases since the nonuse of the safety device occurred before the negligent act of the defendant. *Id.* at 188. *See also Tanberg v. Ackerman Invest. Co.*, 473 N.W.2d 193 (Iowa 1991). This court then concluded that the use of a helmet was a question for the legislature and not a duty under common law. *Meyer*, 475 N.W.2d at 191.

We find *Meyer* persuasive in considering whether the duty to wear a seat belt would exist under the common law. The fact that the legislature has required the use of seat belts under Iowa Code section 321.445 does not establish a common law duty. *Mitchell*, 305 N.W.2d at 728. We find that the duty to wear a seat belt did not arise at common law. *Welsh v. Anderson*, 228 Neb. 79, 421 N.W.2d 426 (1988). We conclude, therefore, that Iowa Code section 321.445(4) does not violate the constitutional right to a jury trial.

■■ II. Duntz also contends that section 321.445(4) deprives him of the equal protection of the laws by not permitting him to argue that Zeimet's failure to wear a seat belt constituted an unreasonable failure to mitigate. We disagree. In scrutinizing the constitutionality of section 321.445(4), we apply a "rational basis" analysis, there being no claim that the statutory classification in question is suspect or involves fundamental rights. *Bennett v. City of Redfield*, 446 N.W.2d 467 (Iowa 1989). As long as the statutory classification is not patently arbitrary and bears a rational relationship to a legitimate governmental interest, Duntz's constitutional objections must fail. *Id.* Here, the adoption of a penalty in the form of a percentage reduction of recovery arising from the nonuse of safety belts is clearly consistent with the stated public purpose of the seat belt statute; namely, reducing the public

costs associated with serious injuries and deaths caused by automobile accidents. *State v. Hartog,* 440 N.W.2d 852, 858 (Iowa 1989). That the legislature did not go as far as Duntz desires concerning the penalty for nonuse of safety belts does not make the classification arbitrary. In fact, this court has stated that, "... without the five percent limitation in section 321.445(4)(b)(2), evidence of nonuse could actually prevent an otherwise innocent plaintiff from recovering anything." *Meyer,* 475 N.W.2d at 190. Thus, the five percent limitation reduces the chances of an unfair result under our comparative fault statute. *Id.* at 190. We conclude that the statutory five percent limitation is not arbitrary but bears a rational relationship to a legitimate governmental interest and therefore does not offend equal protection.

III. Finally, Duntz contends that the district court erred in permitting both of Zeimet's attorneys to separately voir dire potential jurors and to address the jury. We find these assignments of error without merit and the district court's rulings well within its discretion.

IV. Accordingly, we affirm the judgment of the district court in its entirety.

AFFIRMED.

All Justices concur except LARSON, J., who dissents.

LARSON, Justice (dissenting).

I believe that the arbitrary limitation of five percent imposed by Iowa Code section 321.445(4)(b)(2) on the mitigation of damages that may be charged for failure to wear a seat belt unconstitutionally infringes on a defendant's right to a trial on that issue.

The law has always required that a person act responsibly with respect to his or her own safety, and the party failing to do so ordinarily suffers the monetary consequences. It should make no difference whether the negligence is based on a failure to follow traditional standards of due care, such as observing rules of the road, or in spurning the use of self-protective devices such as seat belts. In the tradition-

al case, a negligent defendant pays damages, or a plaintiff suffers a reduction of his recovery, according to the actual amount of negligence chargeable to that party.

Despite these general rules, the legislature has declared that a negligent failure to use self-protective devices such as seat belts should be treated differently, although in many cases nearly all of the injuries are directly caused by the failure to wear seat belts.

Although no Iowa cases have addressed the question, I believe our common law would grant the right to a defendant to prove the true extent of a plaintiff's negligence based on a failure to wear seat belts as required by law and to obtain a corresponding reduction of damages.

Section 321.445(4)(b)(2), which seriously abridges that right, should be viewed as an unconstitutional impairment of a defendant's right to trial on that issue. *See Iowa Nat'l Mut. Ins. Co. v. Mitchell,* 305 N.W.2d 724, 728 (Iowa 1981).