Ruth KELLY, et al., Appellees,

v.

STATE of Iowa, Judicial Department and State Court Administrator, William J. O'Brien, Appellants,

AFSCME/Iowa Council 61, Proposed Intervenor–Appellant.

No. 93–1030.

Supreme Court of Iowa.

Dec. 21, 1994.

Bonnie J. Campbell, Atty. Gen., Julie F. Pottorff, Deputy Atty. Gen., and Joseph Condo, Asst. Atty. Gen., for appellants-State, et al.

Michael E. Hansen, Des Moines, for appellant-AFSCME.

Robert V. Rodenburg, Council Bluffs, for appellees.

Considered by HARRIS, P.J., and LARSON, LAVORATO, ANDREASEN, and TERNUS, JJ.

HARRIS, Justice.

Public employees, nonunion members, brought this suit to challenge disparate pay increases, complaining because the increases in their pay were less than those obtained through arbitration and litigation by similar employees who were union members. We reject the challenge and reverse a contrary holding by the trial court.

In *AFSCME v. State*, 484 N.W.2d 390 (Iowa 1992), we held the General Assembly was contractually obligated to provide arbitrated wage increases—amounting to some ten percent over three years—to state employees represented by a union. The General Assembly later provided unrepresented nonunion employees, including these plaintiffs, an increase of 7.5% for the same period. Plaintiffs, fourth judicial district employees, then filed a grievance to contest the disparity and brought this certiorari proceeding to test it. They allege a number of constitutional and statutory grounds.

The trial court ruled that the unequal pay increase violated equal protection provisions of the United States and Iowa Constitutions, Iowa Code sections 20.10(2)(a) and 20.10(2)(c) (1993) (public employment relations Act), and Iowa Code chapter 731 (right to work law). The judicial department appealed.

■ Under Iowa rule of civil procedure 306, a writ of certiorari is appropriate where one "exercising judicial functions ... is alleged to have ... acted illegally." We review certiorari actions at law. *Grant v. Iowa Dist. Court*, 492 N.W.2d 683, 685 (Iowa 1992).

## I. Equal Protection.

■ Because there is no fundamental constitutional right to public employment, and because we think no suspect classification is involved in union membership or nonmembership, we apply a rational basis in considering plaintiffs' challenge. *See Bennett v. City of Redfield,* 446 N.W.2d 467, 473 (Iowa 1989) (public employees do not have property interest in employment if they possess no interest in continuous employment; the right to public employment is not a fundamental right).

■ Under the rational basis test a statute is constitutional "unless it is patently arbitrary and bears no rational relationship to a legitimate governmental interest." *Id.* at 474 (citing *Frontiero v. Richardson,* 411 U.S. 677, 683, 93 S.Ct. 1764, 1768, 36 L.Ed.2d 583, 589 (1973)). A statute is presumed constitutional. *Bennett,* 446 N.W.2d at 474. The scrutiny of a challenged statute is the same under both the United States and Iowa Constitutions. *Federal Land Bank of Omaha v. Arnold,* 426 N.W.2d 153, 156 (Iowa 1988).

■ Equal protection requires that people who are similarly situated be treated similarly. *Cook v. State,* 476 N.W.2d 617, 623 (Iowa 1991). The two groups here are not similarly situated. One is unionized; the other is not. The unionized group was subject to a court order compelling a set pay increase; the other group was not subject to that order. The State could have rationally determined not to expend equal pay increases to nonunion employees for economic reasons. *See Dandridge v. Williams,* 397 U.S. 471, 485, 90 S.Ct. 1153, 1161, 25 L.Ed.2d 491, 502 (1970) ("If the classification has some 'reasonable basis,' it does not offend the Constitution simply because the classification ... results in some inequality.").

Plaintiffs have not carried their burden of showing no rational basis for the different pay raises.

■ II. Neither do we think the disparity in pay violates Iowa Code chapter 731, Iowa's right to work law.[1] Obviously nothing in the statute expressly requires equal pay increases for union and nonunion members, but plaintiffs contend pay equality is required indirectly. They suggest hypothetical pay disparities that they think would coerce union membership. Under the facts there, though, there is nothing to hint that the nonunion members must choose between union membership or leaving their jobs.

We reject plaintiffs' claim that Iowa Code chapter 731 was violated.

■ III. Finally we cannot agree that the disparity violates Iowa Code section 20.10.[2] Even assuming that the disparate increases "coerced" employees to join a union, a contention by no means conceded, plaintiffs' argument fails. According to the principles of statutory construction, if two statutes conflict, courts must attempt to harmonize them in an effort to carry out the meaning and purpose of both statutes. *Dillon v. City of Davenport,* 366 N.W.2d 918, 922 (Iowa 1985). When a general statute is in conflict with a specific one, the more specific statute generally prevails, irrespective of the time of its enactment. *Llewellyn v. Iowa State Commerce Comm'n,* 200 N.W.2d 881,

1. Iowa's right to work law provides:

It is declared to be the policy of the state of Iowa that no person within its boundaries shall be deprived of the right to work at the person's chosen occupation for any employer because of membership in ... or refusal to join any labor union....
Iowa Code § 731.1.
It shall be unlawful for any person, firm, association, corporation or labor organization to enter into any understanding, contract or agreement ... to exclude from employment members of a labor union, organization or association, or persons who do not belong to, or who refuse to join, a labor union, organiza-

tion or association, or because of resignation or withdrawal therefrom.
Iowa Code § 731.3.

2. That section provides, in material part:
2. It shall be a prohibited practice for a public employer or the employer's designated representative willfully to:
a. Interfere with, restrain or coerce public employees in the exercise of rights granted by this chapter.
....
c. Encourage or discourage membership in any employee organization, committee or association by discrimination in hiring, tenure, or other terms or conditions of employment.

884 (Iowa 1972). In case of irreconcilable conflict between two statutes, the later one controls. *Id.*

Here, even assuming the pay bill conflicts with the public employment relations Act, the salary bill prevails because it was both more specific and later enacted.

 IV. For reasons of its own, AFSCME petitioned under Iowa rule of civil procedure 75 to intervene in this suit and defend against issuance of the writ. Permission to intervene was denied, and AFSCME has appealed the denial. Our review is on error, giving deference to the trial court's determination. *In re Estate of DeVoss,* 474 N.W.2d 539, 541 (Iowa 1991). Rejection was correct because the litigation did not affect AFSCME's legally cognizable rights. *Bowers v. Bailey,* 237 Iowa 295, 300, 21 N.W.2d 773, 776 (1946) (one whose rights can in no way be affected should not be permitted to invoke jurisdiction of a court). Contrary to AFSCME's assertion, its right of collective bargaining would not be impaired even if the nonunionized employees receive the union increase, because it will be able to continue bargaining collectively. Contrary to yet another assertion, its freedom of contract would not be impaired, because its members will continue being compensated in accordance with their collective contract. AFSCME's interest, at most a mere advantage or disadvantage, is not a legally cognizable one.

The judgment of the trial court must be reversed and the case remanded for entry of a judgment in accordance with this opinion.

**REVERSED AND REMANDED.**