Phillip N. NORLAND, II, Appellant,

v.

GRINNELL MUTUAL REINSURANCE COMPANY, Individually and as Representative of Other Auto Insurance Companies, Appellee.

No. 96–1968.

Supreme Court of Iowa.

May 28, 1998.

240

Phillip N. Norland, Northwood, pro se.

Theodore T. Duffield of Patterson, Lorentzen, Duffield, Timmons, Irish, Becker & Ordway, L.L.P., Des Moines, for appellee.

Fred M. Haskins of Patterson Law Firm, Des Moines, for amicus curiae Iowa Insurance Institute.

Considered by McGIVERIN, C.J., and LARSON, LAVORATO, ANDREASEN, and TERNUS, JJ.

PER CURIAM.

The plaintiff, Phillip Norland, had automobile insurance with the defendant, Grinnell Mutual Reinsurance Company (Grinnell). Through its Grinnell Select Insurance Company Elite Program, Grinnell offered lower insurance rates to drivers who had no at-fault accidents or moving violations within the previous four years. Norland received insurance through this select program. However, his coverage was not renewed when Grinnell determined that he was disqualified because of a speeding conviction he had received for speeding less than 10 mph over the limit in a 65 mph speed zone. The speeding conviction did not disqualify Norland from obtaining other coverage from

Grinnell at a higher rate but did disqualify him from the select program.

In June 1996, Norland commenced an action against Grinnell challenging the constitutionality of Iowa Code section 516B.3(1) (1995).[1] He claimed the statute violated the equal protection provisions of the federal and state constitutions. U.S. Const. amend. XIV; Iowa Const. art. I, § 6. Norland argued section 516B.3(1) contained an arbitrary and unreasonable discriminatory classification of speeding violations which resulted in Grinnell and other companies establishing insurance rates that were unfairly discriminatory in violation of Iowa Code section 515F.4. Grinnell filed an answer denying Norland's claims. The Iowa Insurance Institute (Institute) appeared as an amicus curiae in support of Grinnell's position.

Norland filed a motion for summary judgment. The district court entered a ruling denying the motion and dismissing the action. The court concluded it had no jurisdiction because Norland's speeding violation had occurred in a 65 (not a 35–55) mph speed zone and Norland lacked standing to challenge the statute. The court further determined that even if it reached the merits of Norland's claim there was a rational basis for the classification and the statute was constitutional. Norland has appealed.

■ When constitutional issues are implicated, we consider the totality of the circumstances under a de novo review standard. *See Lumbermens Mut. Cas. Co. v. Department of Revenue & Fin.*, 564 N.W.2d 431, 434 (Iowa 1997). Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Iowa R. Civ. P. 237(c). The parties point to no disputed facts, so resolution by way of summary judg-

ment was appropriate. *See Lumbermens*, 564 N.W.2d at 434.

■ Litigants cannot challenge the constitutionality of a statute unless they can show they have been injured by it. *Lewis v. Iowa Dist. Ct.*, 555 N.W.2d 216, 218 (Iowa 1996), *cert. denied*, —— U.S. ——, 117 S.Ct. 1553, 137 L.Ed.2d 702 (1997). Initially it appears Norland has not been injured by the statute since his speeding violation occurred in a 65 mph speed zone and by definition the statute does not apply to him. However, he contends he has standing because he is not seeking to have the entire statute stricken, only the classification which limits the application of the law to those who speed in a 35–55 mph speed zone. He reasons that if the classification is stricken insurers will not be allowed to consider speeding violations of 10 miles or less regardless of the posted limit and his speeding violation would not have disqualified him from receiving the preferred insurance rates.

■ We assume, without deciding, that Norland has standing to assert an equal protection claim. We nevertheless reject his claim and find section 516B.3 does not violate equal protection.

■ "Equal protection requires that people who are similarly situated be treated similarly." *Kelly v. State*, 525 N.W.2d 409, 411 (Iowa 1994). In scrutinizing the constitutionality of section 516B.3, we apply a rational basis analysis, there being no claim that the statutory classification in question is suspect or involves fundamental rights. *See Duntz v. Zeimet*, 478 N.W.2d 635, 636 (Iowa 1991). As long as the statutory classification is not patently arbitrary and bears a rational relationship to a legitimate governmental interest, Norland's constitutional objection must fail. *Id.* A statute is presumed to be constitutional. *Kelly*, 525 N.W.2d at 411. A

---

1. Iowa Code § 516B.3(1) (1995) prohibits insurers from considering certain speeding violations when establishing rates. The statute provides in relevant part:

The commissioner shall require that insurance companies transacting business in this state not consider speeding violations occurring ... on or after May 12, 1987, which are for speeding violations for ten miles per hour or less over the legal speed limit in speed zones that

have a legal speed limit equal to or greater than thirty-five miles per hour but not greater than fifty-five miles per hour for the purpose of establishing rates for motor vehicle insurance charged by the insurer and shall require that insurance companies not cancel or refuse to renew any such policy for such violations. In any twelve-month period, this section applies only to the first two such violations which occur.

plaintiff bears a heavy burden in proving that a statute is unconstitutional and must negate every reasonable basis upon which the classification may be sustained. *See Bierkamp v. Rogers*, 293 N.W.2d 577, 579–80 (Iowa 1980). Our scrutiny of a challenged statute is the same under both the United States and Iowa constitutions. *Kelly*, 525 N.W.2d at 411.

The legislature has wide discretion in deciding what classifications to include in a statute. *See Cedar Mem'l Park Cemetery Ass'n v. Personnel Assoc.*, 178 N.W.2d 343, 350 (Iowa 1970). The court accords considerable deference to the judgment of the legislature. *Bierkamp*, 293 N.W.2d at 581. A classification does not deny equal protection simply because in practice it results in some inequality. *Redmond v. Carter*, 247 N.W.2d 268, 271 (Iowa 1976). The practical problems of government permit rough accommodations. *Id.*

Norland contends the 35–55 mph classification is unreasonable and arbitrary, and in support of this position he points to the fact that during discovery neither Grinnell nor the Institute was able to produce any publication which established that speeding violations of 10 miles or less in 35–55 mph speed zones pose less risk than similar violations in other speed zones. He claims that if these parties do not know of any evidentiary support for the classification then "it seems obvious the legislature had no such objective data to support the classification when it was adopted."

Norland erroneously assumes the burden of proof is on the defendant to justify the classification. In fact, it is he who bears the "heavy burden" to prove there is no rational basis for the statute. *See Federal Land Bank v. Arnold*, 426 N.W.2d 153, 156 (Iowa 1988); *Bierkamp*, 293 N.W.2d at 579–80. Nothing in the law suggests the existence of supporting "objective data" is necessary in order for a classification to withstand an equal protection challenge. In fact, we have repeatedly stated we will uphold a classification if *any* state of facts can be conceived to justify it. *See, e.g., McMahon v. Iowa Dep't of Transp.*, 522 N.W.2d 51, 57 (Iowa 1994); *Federal Land Bank*, 426 N.W.2d at 156; *Redmond*, 247 N.W.2d at 271–72. In deciding this appeal we only have to determine whether Norland has negated "every conceivable basis which may support the classification." *See McMahon*, 522 N.W.2d at 57. He has not.

Section 516B.3 was adopted as part of the same legislation approving an increase in the interstate highway speed limit to 65 mph. 1987 Iowa Acts ch. 120, § 2 (codified at Iowa Code § 321.285(8) (1989)). In deciding to limit the application of section 516B.3 to only 35–55 mph speed zones, the legislature could have believed that minor speeding infractions within those speed limits were less dangerous than similar violations in higher speed zones. It is reasonable to believe the impact from a collision in a higher speed zone would result in greater property damage and injuries. Likewise the legislature could reasonably have assumed that speeding violations, even minor violations of less than 10 mph, pose a greater risk in posted speed zones of less than 35 mph because of the prevalence of children and pedestrians typically present in school and residential areas.

Distinguishing between violations which occur in lower and higher speed zones is consistent with the fact that the legislature has established a graduated system of speed limits as well as a graduated set of penalties. *See* Iowa Code §§ 321.285, 805.8(2)(g). Furthermore, the legislature follows a similar classification (34–56 mph) with respect to whether the Department of Transportation can consider minor speeding violations for the purpose of a license suspension. *See* Iowa Code § 321.210.

When applying the rational basis test to an equal protection challenge we first examine the legitimacy of the end to be achieved and then we scrutinize the means used to achieve that end. *Federal Land Bank*, 426 N.W.2d at 156. Norland does not dispute the legitimacy of the legislature's goal of holding down insurance rates by prohibiting insurers from considering minor speeding infractions. He only disputes the means the legislature used to attain that goal. Since the legislature could reasonably have believed speeding violations in 35–55 mph speed zones are less dangerous than

violations in other speed zones, the legislature could have concluded only the former should be excluded when determining insurance rates. That the legislature did not go as far as Norland desires does not make the classification in section 516B.3 arbitrary. *See Duntz,* 478 N.W.2d at 637. There is a rational basis for the classification, and we affirm the district court's dismissal of Norland's action.

**AFFIRMED.**