232

CLYDE BRITT, Appellant,

*v.*

FRED. V. McCLENDON and wife, ETHEL R. McCLENDON, Appellees.

373 S; W. 2d 457

(*Knoxville,* September Term, 1963.)

Opinion filed December 5, 1963.

DUGGER, DUGGER & COLE, Elizabethton, for appellant.

STREET, BANKS, MERRYMAN & MUSICK, Elizabethton, for appellees.

Mr. Justice Holmes delivered the opinion of the Court.

The complainant, in his bill, asserts that he is entitled to a lien under our mechanics' lien statutes upon the property of the defendants for the construction of a road leading to the residence of the defendants. The bill alleges that one Perry G. Gardner contracted with the defendants for the construction of said road and that complainant is a sub-contractor. The defendants demurred to the bill upon the ground that our mechanics' and materialmen's lien statutes, T.C.A. sec. 64-1101 et seq., do not provide for a lien for the construction of a road. The bill does not allege that the building of the road was in connection with the construction or erection of any building or structure upon the land. The demurrer was sustained by the Chancellor. The case has been duly appealed to this Court.

There is one assignment of error, as follows:

"The Court erred in holding that labor furnished in the construction of a road leading to the residence of the defendants was not an improvement and as a matter of law that under complainant's bill no lien existed for the work performed."

Prior to the enactment of the 1932 Code, it is clear that no lien would exist by reason of the matters alleged in the bill. In *Pillow v. Kelly,* 155 Tenn. 597, 296 S.W. 11, the Court construed our mechanics' lien statutes, and, in

holding that these statutes created no lien for one who bored a well and installed piping and a pump on property, stated:

"The words and context of the act show that the Legislature limited the lien to work done or material furnished, under contract for the erection or improvement of a structure or building, and things appurtenant to the structure or building. The general words that follow the specific object expressed by the Legislature are restrained by considerations drawn from the subject-matter and the general scope and purpose declared by the act. The lien is not given for improvements or material unless the improvement bears some relation to a structure or building, or is appurtenant to a structure or building on the land. Without thus limiting the breadth of the act to the objects which are intended to be accomplished, it might be extended to fruit trees, shrubs, ornamental plants, and trees for orchards and landscaping, *the construction of roads and walks,* digging ditches, for work and material used in farm fences, liming land, and various other objects not appurtenant to any building or structure." (Emphasis supplied.) Page 600, 155 Tenn., Page 12, 296 S.W.

Also, in *Nanz v. Cumberland Gap Park Co.,* 103 Tenn. 299, 52 S.W. 999, 47 L.R.A. 273, a mechanics' lien was claimed for the furnishing and planting of flowers and shrubbery and the grading of the walks and ways about the premises. The Court held that no lien existed for such labor and materials, stating:

"In the case at bar the complainants 'improved' the property by putting on it flowers, shrubs, trees, and by

grading, and probably graveling, the grounds and walks, but they made no erections, structures, buildings, fixtures, or machinery * * *. We think the statute refers to erections, structures, fixtures, machinery, and buildings,—things constructed upon the land,—and not to the enriching of the soil and beautifying the grounds by planting flowers, shrubs, and trees on it." Pages 306 and 307, 103 Tenn., Page 1001, 52 S.W.

At the time the Pillow and Nanz cases were decided, the pertinent parts of our mechanics' lien statutes, as codified in Shannon's Code, Sections 3531 and 3540, provided:

"There shall be a lien upon any lot of ground or tract of land upon which a house has been constructed, built, or repaired, or fixtures or machinery furnished or erected, or improvements made, by special contract with the owner or his agent," etc. Shannon's Code, Sec. 3531.

"Every journeyman or other person employed by such mechanic, founder, or machinist, to work on the buildings, fixtures, machinery, or improvements, or to furnish material for the same, shall have this lien for his work or material;" etc. Shannon's Code, Sec. 3540.

From the Pillow and Nanz cases, it is clear that roads and drives were not "improvements" for which our statutes gave a lien. It is contended that the rule of the Pillow and Nanz cases was changed by the 1932 Code, which, for the first time, included a section defining the terms used in the mechanics' lien statutes. This section is now T.C.A. sec. 64-1101. It defines "improvement" as follows:

" 'Improvement' means any building, structure, erection, alteration, demolition, excavation, or any part thereof, including ornamental shrubbery, on real property for its permanent benefit."

This definition of "improvement" was adopted by the Legislature in the light of the Pillow and Nanz decisions, and still restricts the "improvement" as used on our mechanics' lien law to those things which bear some relation to a structure or building or which are appurtenant to a structure or building on the land, except in the case of ornamental shrubbery, which is expressly provided for. Had the Legislature intended by this definition of "improvement" to change the rule of the Pillow case, it would not have been necessary for the Legislature in 1949 to enact a special "well-drilling lien" statute, T.C.A. sec. 64-1143. T.C.A. sec. 64-1102 still provides that the lien shall be "in favor of all persons who do any portion of the work or furnish any portion of the materials for such *building*." (Emphasis supplied) Had it been the intention of the Legislature to extend the mechanics' lien law to cover roads and walks, these items would have been specifically mentioned as was ornamental shrubbery.

We have examined the mechanics' lien statutes of a great many states and have found none that defines "improvement" substantially as defined in our statutes. Counsel for the appellant cites cases from other jurisdictions, and, in the brief, states that Alabama, Arkansas, and Missouri have statutes similar to Tennessee.

We have examined the statutes of these states. The Alabama lien statute (Code of Ala., Tit. 33, Sec. 37 et seq.) does not contain any definition of "improvement", nor does the Arkansas lien statute (Ark. Statutes, 1947,

Sec. 51-601 et seq.), nor does the Missouri lien law (Vernon's Annotated Missouri Statutes, Sec. 429.010 et seq.).

The appellant also relies upon an Oklahoma case. The lien laws of that state do not contain a definition of "improvement", (42 Okl.St.Ann., Sec. 141 et seq.). The Oklahoma Court has defined the word "improvement" in *Green v. Reese*, 261 P.2d 596, 597, and held:

"The word, 'improvement' was used in its ordinary and general sense or acceptation, and includes any and every character of improvement upon realty".

Had the Tennessee Legislature intended to give such a meaning to the word "improvement" in our mechanics' lien statute it would not have adopted the restrictive meaning contained in T.C.A. sec. 64-1101. The extent to which some states have gone in defining "improvement" in mechanics' lien statutes is illustrated by the following definition contained in the Pennsylvania Act (49 Purdon's Pennsylvania Statutes Annotated, Sec. 1):

"The words 'structure or other improvements,' as used in this act, mean any building, bridge, wharf, dock, pier, bulk-head, vault, subway, tramway tollroad, conduit, tunnel, mine, coal-breaker, flume, pump, screen, tank, derrick, pipeline, aquaduct, reservoir, viaduct, telegraph, telephone, railway or railroad line, canal, mill-race, pumps for supplying water, heat, light, power, cold air or any other substance furnished to the public, well for the production of water, gas, oil, or other volatile liquid or mineral substance, or other structure or improvement of whatsoever kind or character the same may be."

As pointed out in the Nanz case, "we can derive but little aid in the proper construction of our own statute from the decisions of other states, unless the statutes are identical in terms". A road is neither a building, structure, erection, alteration, demolition, or excavation. Therefore, in this case, the complainant is not entitled to a lien upon the land of the defendants for the construction of a road leading to the residence of the defendants under the facts alleged in the bill.

The judgment of the Chancery Court is affirmed at the cost of the appellant.