**FIRST NATIONAL BANK OF ONEIDA, TENNESSEE**

v.

**PRAIRIE CORPORATION.**

Civ. No. 3–81–650.

United States District Court, E. D. Tennessee, N. D.

March 17, 1982.

Stephen A. Marcum, Knoxville, Tenn., for plaintiff.

Courtney N. Pearre, John A. Walker, Jr., Knoxville, Tenn., for defendant.

MEMORANDUM

ROBERT L. TAYLOR, District Judge.

In this case plaintiff, First National Bank of Oneida, Tennessee, seeks to establish a mechanic's or materialman's lien on real property in Scott County, Tennessee, in which defendant, Prairie Corporation, has an interest. Plaintiff is a banking association with principal offices in Tennessee. Defendant is a Texas corporation with its principal place of business in Texas. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a). The parties have submitted stipulations of fact and stipulated exhibits.

They have also briefed and argued their respective theories to the Court. The case is now ready for final judgment.

According to the stipulations, defendant acquired certain real property in Scott County for the purpose of constructing a natural gas pipeline. Precision Fabrication Company, Inc., a Texas corporation, subcontracted with defendant to construct the pipeline. Precision, on March 27, 1981, April 3, 1981, and April 8, 1981, issued a total of forty-nine payroll checks to twenty-four Precision employees. The checks, totaling $17,125.93, were issued for labor furnished in constructing the pipeline. Plaintiff, pursuant to an agreement with Precision, regularly cashed the payroll checks of the pipeline employees, including the forty-nine checks that are the subject of this action. All forty-nine payroll checks were returned to plaintiff unpaid because of insufficient funds in the Precision bank account. The Precision employees, after receiving payment, left Scott County. Plaintiff has no indication of their present whereabouts.

Precision encountered financial difficulties prior to completion of the pipeline. It filed a petition under Title II of the United States Code in the United States Bankruptcy Court for the Southern District of Texas on May 6, 1981.

Defendant filed a notice of completion of the pipeline in the Scott County Register's Office on May 20, 1981, pursuant to T.C.A. § 64–1145. (Stip. Ex. 4). Neither plaintiff nor the Precision employees gave notice of any claim of a lien for labor or materials to defendant within ten days of the filing of the notice of completion. T.C.A. § 64–1147. Plaintiff, claiming to be the assignee of the lien rights of the Precision employees, filed a Notice of Lien in the Scott County Register's Office on August 14, 1981. Plaintiff delivered a written Notice of Lien to defendant on August 18, 1981. (Stip. Ex. 2). On October 13, 1981, plaintiff filed a suit and attachment in the Chancery Court for Scott County. (Stip. Ex. 3). The suit was removed to this Court December 9, 1981.

Plaintiff contends that the cashing of payroll checks of the Precision employees constituted an equitable assignment of the employees' lien rights to plaintiff. It says further that it has complied with the statutory requirements for perfecting its lien.

Defendant asserts that plaintiff's lien rights were cut off by the filing of the notice of completion on May 20, 1981. A notice of completion must contain an "Acknowledgement by the person filing the notice, or by his agent or attorney." T.C.A. § 64–1145(g). The notice of completion in this case does not contain an acknowledgement by the maker or the signatures of two witnesses who could prove its authenticity. The notice cannot be considered legally registered absent the acknowledgement. *See Howard v. United States,* 566 S.W.2d 521 (Tenn.1978). The ten-day statute of limitations for notice of liens for labor upon property, therefore, never began to run in this case. T.C.A. § 64–1147.

Absent a valid notice of completion, a person employed to work on improvements shall have a lien for his work, provided he notifies the owner within ninety days after the improvement is completed or his contract expires. T.C.A. § 64–1115. The lienholder must also file suit within ninety days from the date of notice in order to maintain his claim. *Id.*

Since plaintiff filed his complaint and the writ was issued by the clerk to the sheriff within the ninety day time period, this suit was "brought" in compliance with the time limitations of the statute. *General Electric Supply Co. y. Arlen Realty & Development Co.,* 546 S.W.2d 210, 213–214 (Tenn.1977). Defendant contends that plaintiff's attachment was never levied on the property because the form of the officer's return was inadequate. The writ dated November 13, 1981 contains the return, "Served Prairie Oil Corp. by leaving copies with Robert D. Stewart s/ Frazier Reagan—Constable." (Stip. Ex. 3) The attachment law is to be liberally construed. T.C.A. § 29–6–124. "Where the levy of an attachment has been actually made, its efficacy cannot be impaired by the Sheriff's failure to make re-

**16**

turn of it." *Lea v. Maxwell* 38 Tenn. 365 (1858). Here, the constable did serve the summons and attachment which contained an adequate description of the real property levied upon. While we find that plaintiff's compliance with the statutory lien and attachment procedures was adequate under Tennessee law, we do not find that plaintiff can assert the employees' rights in this case.

Plaintiff contends that the cashing of payroll checks constitutes an assignment of the payees' lien rights. It has cited no authority from Tennessee or other jurisdictions that supports the claimed manner of assignment. The Sixth Circuit, applying Tennessee law, has held, "The mere fact that one pays off a debt at the insistence of the debtor, or lends money to pay off such debt, does not entitle him to subrogation to the liens of the creditors so paid off." *J. P. Browder & Co. v. Hill,* 136 F. 821, 823 (6th Cir. 1905). In the absence of fraud, accident, mistake, or contract with the payee, there can be no subrogation. *Dixon v. Morgan,* 154 Tenn. 389, 409, 285 S.W. 558 (1926). Courts in other jurisdictions have denied claims of assignment and subrogation to third parties who advance sums to pay mechanics and materialmen or who take up certificates of indebtedness issued to employees for their labor. *See e.g. Cairo and Vincennes Railroad Co. v. Fackney,* 78 Ill. 116 (1875); *Board of Education of the City of Bayonne v. Kolman,* 111 N.J.Super. 585, 270 A.2d 64 (1970).

We recognize the validity of the contention that the Mechanics' and Materialmen's Lien statute is to be construed liberally in favor of employees, but this concept is not sufficient to protect the bank in this case. In the first place, the employees are not parties to this action. Secondly, the employees did not make an assignment of their claims to the bank. This is simply a case where the bank cashed forty-nine employee checks which were returned for insufficient funds.

■ This Court must strictly construe the Mechanics' and Materialmen's Lien statute as to the persons who are entitled to its benefits. *Pillow v. Kelly,* 155 Tenn. 597,

296 S.W. 11 (1927). In light of the policy of the statute and the relevant cases, we cannot find an equitable assignment in the voluntary act of cashing payroll checks. Plaintiff is therefore not entitled to assert the employee's lien rights in this case.

For the reasons stated, it is ORDERED that judgment enter in favor of defendant, Prairie Corporation. It is further ORDERED that this case be, and the same hereby is, dismissed.

Order Accordingly.