**Erma BENTLEY, et al, Plaintiffs**

v.

**ARLEE HOME FASHIONS, INC., Defendant.**

No. J–C–93–177.

United States District Court,
E.D. Arkansas,
Jonesboro Division.

Aug. 8, 1994.

David Brent Sterling and Mark J. Freeman, Martin, Trumbo & Sterling, Fayetteville, AR, for plaintiffs.

Frederick J. Lewis, Thomas L. Henderson, and Kelly S. Gooch, McKnight, Hudson, Lewis, Henderson & Clark, Memphis, TN, for defendant.

### AMENDED ORDER

STEPHEN M. REASONER, Chief Judge.

Presently pending before the Court is Defendant's Motion to Strike Jury Demand (Doc. # 6). The Plaintiffs are former employees of Defendant which allege that Defendant failed to provide them with sixty days notice of their terminations in violation of the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq.* Plaintiffs' complaint demands a jury trial. The Defendant argues that

there is no right to a jury trial under the WARN Act. Neither the statutory language of the WARN Act or existing federal case law explicitly address the right to a jury trial under the WARN Act.

### WARN Act

The WARN Act generally requires an employer who employs 100 or more employees to provide 60 days written notice to the employees of a plant closing or mass layoff. 29 U.S.C. §§ 2101–2102. If the employer does not fall within one of the exemptions provided in 29 U.S.C. § 2103 and fails to provide the 60 days written notice, the employer is subject to civil action. Pursuant to 29 U.S.C. § 2104 "[the] employer * * * shall be liable * * * for * * * back pay for each day of violation * * * and benefits under an employee benefit plan * * * including the cost of medical expenses incurred during the employment loss which would have been covered under an employee benefit plan." 29 U.S.C. § 2104(a)(1). The employer "shall [also] be subject to a civil penalty of not more than $500 for each day of such violation." 29 U.S.C. § 2104(a)(3).

### Right to a Jury Trial

■ As provided by the Seventh Amendment to the United States Constitution, there is a fundamental right to a jury trial where there is monetary value in controversy and legal issues are involved. *U.S. Const.,* amend. VII. The Defendant argues that a suit brought under the WARN Act involves equitable as opposed to legal issues thus preventing the Plaintiffs from demanding a trial by jury.

■ As previously stated the WARN Act does not explicitly address the right to a jury trial. Therefore, rules of statutory construction must be applied.

Statutory construction requires the application of recognized rules. First, the starting point in every case involving construction of a statute is the language itself. Second, where a statute states what a term means then all other meanings not stated are excluded. Third, clear evidence of legislative intent prevails over other principles of statutory construction. Fourth, ab-

sent a very clear legislative intent, the plain meaning will prevail. Last, Congress is presumed to be aware of an administrative or judicial interpretation of a statute and to adopt that interpretation when it re-enacts a statute without change. *Johns–Manville Corp. v. U.S.,* 855 F.2d 1556 (Fed.Cir.1988) (Citations omitted). As there is no language within the statute addressing the issue, the legislative intent must be determined. Where a statute does not offer conclusive guidance as to its construction, the legislative history may be examined to determine the intent of Congress. *Blue Chip Stamp v. Manor Drug Stores,* 421 U.S. 723, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975); *U.S. v. Wise,* 370 U.S. 405, 82 S.Ct. 1354, 8 L.Ed.2d 590 (1962); *U.S. v. Zacks,* 375 U.S. 59, 84 S.Ct. 178, 11 L.Ed.2d 128 (1963); *In re Fairfield Communities Inc.,* 990 F.2d 1075 (8th Cir.1993). While this Court has a good deal of skepticism regarding the use of legislative history and does not apply it as a normal tool for the interpretation of a statute, as this is a case of first impression an analysis of all available information must be made.

The Plaintiffs cite the statements of Senator Orrin Hatch, a rigorous opponent of the WARN Act, in support of its argument that the right to a jury trial was an assumed right of the WARN Act. During the Senate debate, Senator Orrin Hatch expressed the right to a jury trial under the WARN Act as follows:

> Under the seventh amendment to the Constitution, jury trials are allowed for causes of action created by the Congress if the statute creates legal rights and remedies enforceable in an action for damages in the Federal district court. Supreme Court cases, such as the 1978 Lorillard versus Pons, [sic] demonstrate clearly that jury trials would be available in any suit for damages claiming employer violation of this law.

Senate Debate on S.2527, June 23, 1988, Congressional Record S.8452 (Legis.History p. 198).

Senator Hatch again addressed the right to a jury during Senate debate on June 27, 1988 as follows:

This legislation allows any aggrieved employee or unit of local government to file a civil action against an employer. This action includes the right to a jury trial ... [W]e ... have to question whether the publicity, deliberations, and outcome of a jury trial under these circumstances would be truly objective and fair.

*Id.,* June 27, 1988, Congressional Record S.8606 (Legislative History p. 277).

█ It is important to note that "[t]he fears and doubts of the opposition are no authoritative guide to the construction of legislation. It is the sponsors that we look to when the meaning of the statutory words is in doubt." *N.L.R.B. v. Fruit and Vegetable Packers and Warehousemen, Local 760,* 377 U.S. 58, 84 S.Ct. 1063, 12 L.Ed.2d 129 (1964) (citations omitted). However, as the Supreme Court noted in *Arizona v. California,* 373 U.S. 546, 83 S.Ct. 1468, 10 L.Ed.2d 542 (1963), while the statements of the opponents to the legislation may not be authoritative they remain relevant where the proponents of the legislation have not directly responded. The Plaintiffs have not cited nor can the Court locate any legislative history where the proponents of the WARN Act responded to Senator Hatch's concerns about the right to a jury trial under the WARN Act.

### Legal Versus Equitable Rights and Remedies

Lacking clear legislative intent, the Court must also examine the nature of the rights and remedies under the WARN Act. The Seventh Amendment provides that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. Const. amend. VII.

The right to a jury trial includes more than the common-law forms of action recognized in 1791; the phrase 'suits at common law' refers to 'suits in which legal rights [are] to be ascertained and determined, in contradistinction to those where equitable rights alone [are] recognized, and equitable remedies [are] administered. *Parsons v. Bedford,* 3 Pet. 433, 447 [7 L.Ed. 732] (1830); see also *ibid.* ('[T]he amendment then may well be construed to embrace all

suits which are not of equity and admiralty jurisdiction, whatever may be the peculiar form which they may assume to settle legal rights.') The right extends to causes of action created by Congress. *Tull v. United States,* 481 U.S. 412, 417 [107 S.Ct. 1831, 1835, 95 L.Ed.2d 365] (1987). Since the merger of the systems of law an equity, See Fed.Rule Civ.Proc. 2, this Court has carefully preserved the right to trial by jury where legal rights are at stake. As the court noted in *Beacon Theaters, Inc. v. Westover,* 359 U.S. 500, 501 [79 S.Ct. 948, 952, 3 L.Ed.2d 988] (1959), 'Maintenance of the jury as a fact finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care.' (quoting *Dimick v. Schiedt,* 293 U.S. 474, 486 [55 S.Ct. 296, 301, 79 L.Ed. 603] (1935).

To determine whether a particular action will resolve legal rights, we examine both the nature of the issues involved and the remedy sought. 'First, we compare the statutory action to the 18th–century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature.' *Tull, supra,* [481 U.S.] at 417–418 [107 S.Ct. at 1835–36]. (citations omitted). The second inquiry is the more important in our analysis. *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 42 [109 S.Ct. 2782, 2790, 106 L.Ed.2d 26] (1989).

*Chauffeurs, Teamsters and Helpers, Local 391 v. Terry,* 494 U.S. 558, 564–65, 110 S.Ct. 1339, 1345, 108 L.Ed.2d 519 (1990).

In applying the first of the two step analysis for determining the nature of the issues and remedies, the Plaintiff asserts that the issues in an action brought under the WARN Act are similar in nature to either a contract, personal injury, or wrongful termination action at law. The Court in *Terry* determined that the breech of a collective bargaining agreement in violation of § 301 of the Labor Management Relations Act "is comparable to a breach of contract claim—a legal issue."

*Id.* at 570, 110 S.Ct. at 1347. A collective bargaining agreement is a vehicle often used to provide employees with notification of plant closing or mass layoff.

Plaintiffs support their argument that an action under the WARN Act is similar to a personal injury wrongful termination claim which is legal in nature by citing *Woodell v. International Brotherhood of Electrical Workers Local 71*, 502 U.S. 93, 112 S.Ct. 494, 116 L.Ed.2d 419 (1991). The Supreme Court held that a union member who sued his local union under Title I of the Labor Management Reporting and Disclosure Act of 1959 for lost wages was bringing an action analogous to a personal injury action. *Id.* at ——, 112 S.Ct. at 498.

The second and most important step of the analysis is determining whether the remedy sought is legal or equitable in nature. "One who suffers a legally recognized injury is usually entitled to an award of damages." Dan B. Dobbs, *Handbook on the Law of Remedies*, 135 (1973). The main purpose of a damages award is some type of compensation for Plaintiff's loss—contrasted with restitution where the purpose is to deprive the defendant of his unjust gain. *See Id.* at 136–37. The WARN Act compensates the former employees for damages caused through the employer's failure to provide the requisite notice of intentions to close the plant or layoff a large amount of employees. The employer has not obtained any gain by its failure to comply with the Act. Thus, the remedy under the Act appears to be legal in nature. Furthermore, 29 U.S.C. § 2104(b) entitled Exclusivity of Remedies provides as follows: "The remedies provided for in this section shall be the exclusive remedies for any violation of this chapter. Under this chapter, a Federal court shall not have authority to enjoin a plant closing or mass layoff."

The Defendant cites *Great American Federal Sav. & L. Ass'n v. Novotny*, 442 U.S. 366, 374, 99 S.Ct. 2345, 2350, 60 L.Ed.2d 957 (1979) for the rule that when a statute's remedy is exclusively equitable relief there is no right to a jury trial. This statute is not exclusively equitable in relief. In fact, the Act explicitly prohibits a Federal court from issuing an injunction against a plant closing. Defendant cites *Harmon v. May Broadcasting Co.*, 583 F.2d 410 (1978) for the following statement: "[back pay] is not comparable to damages in a common-law action for breach of employment contract." *Id.* at 411. A distinction between the *Harmon* case and this cause of action may readily be ascertained when the cited sentence is read in its entirety—"[a]n award of back pay under Title VII for discriminatory employment practices is an integral part of the equitable remedy of reinstatement and is not comparable to damages in a common-law action for breach of employment contract." *Id.* at 411. The goal of the WARN Act, unlike an action under Title VII, is not reinstatement for improper action but to require notice be given so the employees have an opportunity to locate other employment.

As stated in *Local 217, Hotel & Restaurant Employees Union v. MHM, Inc.*, 976 F.2d 805 (2nd Cir.1992):

WARN's § 2104(a) provides a damages action for back pay and for 'the cost of medical expenses incurred during the employment loss.' Section 2104(b) states, however, that 'the remedies provided for in this section shall be the exclusive remedies for any violation of this chapter.' The relief appellants seek, a preliminary injunction compelling MHM to provide fifty-seven days of insurance coverage under WARN, is, therefore, not one of the remedies specified in WARN and was properly denied.

*Id.* at 808–09. Furthermore, the opinion of Judge G. Thomas Eisele of the Eastern District of Arkansas supports this decision.

This is a punitive statute, not a 'make-whole' statute. The violation is the failure to give employees adequate opportunity to find employment elsewhere. So, where the employer fails adequately to give notice, the statute requires payment for each day's failure to give notice.

*Joshlin, et al. v. Gannett River States Publishing Corporation*, 840 F.Supp. 660 (E.D.AR 1993). Accordingly, Defendant's

Motion to Strike Jury Demand (Doc. # 6) is denied.

It is SO ORDERED.